1 | Hovanes Margarian, SBN 246359
  | hovanes@margarianlaw.com
2 | Armen Margarian, SBN 313775
  | armen@margarianlaw.com
3 | Shushanik Margarian, SBN 318617
  | shushanik@margarianlaw.com
4 | THE MARGARIAN LAW FIRM
  | 462 West Colorado Street
5 | Glendale, California 91204
  | Telephone Number: (818) 553-1000
6 | Facsimile Number: (818) 553-1005

7 | Attorneys for Plaintiff
  | GEVORG MATEVOSYAN

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 | GEVORG MATEVOSYAN, an individual, | Case No.: 2:22-cv-04679-MWF (JEMx)

13 |     Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

14 | vs.

15 | MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 through 30, inclusive,

16 |

17 |     Defendants. | [Filed Concurrently with Plaintiff Gevorg Matevosyan's Notice of Motion and Motion for Attorney's Fees, Costs, and Expenses; Declaration of Hovanes Margarian in Support Thereof; and Application to the Clerk to Tax Costs]

18 |

19 |

20 |

21 | | Date: June 5, 2023
   | | Time: 10:00 a.m.
22 | | District Judge: Honorable Michael W. Fitzgerald
23 | | Magistrate Judge: Honorable John E. McDermott
24 | | Courthouse: First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012
25 |

26 | | Complaint Filed: June 9, 2022
   | | Removal Filed: July 8, 2022
27 |

28 |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

# **Table of Contents**

I.    INTRODUCTION ...................................................................................7

II.   STATEMENT OF FACTS ......................................................................7

III.  PLAINTIFF IS ENTITLED TO RECOVER HIS ATTORNEY'S FEES, COSTS AND EXPENSES INCURRED IN DEFENDING THIS ACTION.............. 10

    A.   Plaintiff Is a Prevailing Party in This Action............................. 10

    B.   Plaintiff Is Entitled to Recover His Attorney's Fees, Costs, and Expenses Incurred in Pursuing This Action ...................................... 10

    C.   The "Lodestar" Approach Is Mandated by California Law for Determining Plaintiff's Attorney's Fee Award.................................... 11

    D.   The Total Hours Expended on the Case Are Reasonable........................... 12

    E.   Plaintiff's Counsel's Hourly Rates Are Reasonable .................................... 15

        a.   Plaintiff's Counsel's Skills and Experience Justify the Attorney's Rates Demanded.................................................................17

        b.   The Nature and Complexity of the Litigation Support the Attorney's Fees Requested.............................................................18

        c.   The Contingent Nature of the Fee Award Compels Granting the Hourly Rate ............................................................................19

    F.   Plaintiff Is Entitled to a Multiplier of 1.5.................................... 20

    G.   Plaintiff's Counsel's Costs and Expenses Are Reasonable and Typical .................................................................................. 23

IV.   CONCLUSION ................................................................................. 25

1

## __Table of Authorities__

2

3   **Cases**

4   *569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6

5   *Cal.App.5th 426 [212 Cal.Rptr.3d 304] (2016)* ............................................................. 11

6   *Baykeeper v. West Bay Sanitary Dist.*, No. C-09-5676 EMC (N.D. Cal. Dec. 1,

7   *2011)* ................................................................................................................................ 16

8   *Bd. of Trs. of Laborers Health v. 3B Enters.*, No. 19-cv-06603-SK (N.D. Cal.

9   *May 8, 2020)* ...................................................................................................................... 15

10   *Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1407 (1991) ........................................... 23

11   *Bernardi v. County of Monterey*, 167 Cal.App.4th 1379 (2008) ..................................... 20

12   *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004 (2002) ................................... 13

13   *Bussey v. Affleck* 225 Cal.App.3d 1162 (1990) ................................................................ 23

14   *City of Colton v. Singletary*, 206 Cal.App.4th 751 (Cal. Ct. App. 2012) ........................ 14

15   *Clausen v. M/V New Carissa*, 339 F.3d 1049 (9th Cir. 2003) ......................................... 24

16   *Cofield v. Kia Motors Am., Inc.*, F074977 (Cal. Ct. App. Aug. 23, 2019) ...................... 18

17   *Concepcion v. Amscan Holdings, Inc.*, 223 Cal.App.4th 1309 (Cal. Ct. App.

18   *2014)* ................................................................................................................................. 13

19   *Doppes v. Bentley Motors, Inc.*, 174 Cal.App.4th 967 (2009) ......................................... 13

20   *Falco, et al. v. Nissan North America, Inc.*, Case No. 2:13-cv00686-DDP-

21   *Manx, Dkt. No 325 (C.D. Cal. June 1, 2018)* ................................................................... 15

22   *Figures v. FCA US LLC*, No. 1:17-cv-00618-DAD-JLT (E.D. Cal. Feb. 19,

23   *2020)* ................................................................................................................................. 18

24   *Filiberto Negrete v. Ford Motor Co. et al.*, No. 18-cv1972-DOC-KKx, 2019

25   *WL 4221397 (C.D. Cal. June 5, 2019)* ............................................................................. 18

26   *Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL

27   *3422607 (C.D. Cal. July 26, 2019)* .................................................................................. 24

28   *Forouzan v. BMW of North America, LLC*, 390 F. Supp. 3d 1184 (C.D. Cal.

2019) ............................................................................................................ 23

*Garnes v. Barnhardt*, No. C 02-4428 VRW, 2006 WL 249522 (N.D. Cal. Jan. 31, 2006) .................................................................................................... 16

*Gibson v. Forest Hills Sch. Dist. Bd. of Educ.*, No. 1:11-cv-329 (S.D. Ohio July 15, 2014) .................................................................................................... 11

*Goglin v. BMW of North America, LLC*, 4 Cal.App.5th 462 (2016) ............... 18

*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140 (2006) ........... 10

*Graham v. Daimler Chrysler Corp.*, 101 P. 3d 140 (Cal: Supreme Court 2004)........... 20

*Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004) .......................... 20

*Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381 (D.D.C. 2018) .................. 16

*Hadley v. Krepel*, 167 Cal.App.3d 677 (1985) ........................................... 24

*Hayward v. Ventura Volvo*, 108 Cal.App.4th 509 (2003) ............................ 13

*Herrera v. FCA US LLC*, Case No.: 3:17-cv-00579-AJB-BGS (S.D. Cal. May. 20, 2021) .................................................................................................... 23

*Hill v. FCA US LLC*, Case No.: 17-cv-00581-AJB-BGS (S.D. Cal. Jul. 30, 2020) .......................................................................................................... 22

*In re Bluetooth Headset Products Liability*, 654 F. 3d 935 (9th Circuit 2011) .............. 11

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank*, 55 F.3d 768 (3d Cir. 1995)........... 11

*Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112 (1995) ...................... 23, 24

*Ketchum v. Moses*, 24 Cal.4th 1122 (2001)............................................*passim*

*Kwan v. Mercedes Benz of North Am.*, 23 Cal.App.4th 174 (1994) ............... 13

*La Mesa-Spring Valley School Dist. v. Otsuka*, 57 Cal.2d 309 (1962) ........... 17

*Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C. Cir. 1984) ................... 16

*Los Angeles Police Protective League v. City of Los Angeles*, 188 Cal.App.3d 1 (1986) .......................................................................................................... 15

*Mandel v. Lackner*, 92 Cal.App.3d 747 (1979) ......................................... 16

*Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470 (9th Cir. 1995)................. 10

*Mardirossian v. Ersoff*, 153 Cal.App.4th 257 (Cal. Ct. App. 2007)................ 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

*McGowan v. King, Inc.*, 661 F.2d 48 (5th Cir. 1981) .......................................... 17

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir., 2008) ...................................... 14

*Nightingale v. Hyundai Motor Am.*, 31 Cal.App.4th 99 (1994)........................................ 13

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 US 711 (Supreme Court 1987)......................................................................................... 20

*PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084 (2000) ...................................................... 11

*Powell v. FCA US LLC*, No. 2:16-cv-02781-DAD-JLT (E.D. Cal. Aug. 22, 2020) ..................................................................................................................... 17

*Pulliam v. HNL Automotive Inc.*, 60 Cal. App. 5th 396 (Cal: Court of Appeal, 2nd Appellate Dist., 5th Div. 2021) ................................................................... 22

*Robertson v. Fleetwood Travel Inc.*, 144 Cal.App.4th 785, 50 Cal. Rptr. 3d 731 (Cal. Ct. App. 2006)................................................................................. 13, 15

*Salazar v. Dist. of Columbia*, 809 F.3d 58 (D.C. Cir. 2015)............................................ 16

*Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988) ......................................................................................................................... 16

*Serrano v. Priest (Serrano III)*, 20 Cal.3d 25, 48 n23 (1977) ........................................ 11

*Serrano v. Unruh*, 32 Cal.3d 621 (1982) ........................................................... 12, 15, 16

*Steiny & Co. v. California Electric Supply Co.*, 79 Cal.App.4th 285 (2000).................. 14

*Vo v. Las Virgines Mun. Water Dist.*, 79 Cal.App.4th, 440 (2000)........................... 11, 12

*Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128 (1998)............................................ 12

*Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (Cal. Ct. App. 2001).................. 14

*Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252 (2012) .................................... 10

*Yates v. Mobile County Personnel Bd.*, 719 F. 2d, 1530 (1983) ..................................... 20

*Zakskorn v. American Honda Motor Co., Inc.*, No. 2: 11-cv-02610-KJM-KJN (E.D. Cal. June 8, 2015) ............................................................................... 15

*Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216 (C.D. Cal. 2020) ..................................................................................................................... 15

*Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216 (CD Cal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG
MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS,
AND EXPENSES

1   *2020)* .................................................................................................................. 23

2   *Zomorodian v. BMW of North America, LLC*, 332 F.R.D. 303 (C.D. Cal. 2019)............ 24

3          **Statutes**

4   *15 U.S.C. § 2310(d)(2)* ..................................................................................... 7, 23

5   *Cal. Civ. Code § 1791, et seq.* .................................................................................. 24

6   *Cal. Civ. Code § 1794(d)* ....................................................................... 7, 10, 23, 24

7   *Cal. Civ. Code § 1794(e)(1)* .................................................................................. 7, 23

8          **Reports**

9   *S. Rep. No. 93-151, 1st session, at 7-8 (1973)* ................................................. 13

10         **Rules**

11  *Fed. R. Civ. P. 54(d)(1)* ........................................................................................ 23

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG
MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS,
AND EXPENSES

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION

On March 3, 2023, after about a year of litigation, Plaintiff GEVORG MATEVOSYAN, an individual ("Plaintiff"), and Defendant MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("Defendant"), (collectively referred to as the "Parties"), settled the instant action by the Plaintiff accepting the Fed. R. Civ. Proc. Rule 68 Offer ("Offer") extended by Defendant and thus resolving Plaintiff's lemon law claims related to the sale of the new 2021 Mercedes-Benz GLA250W bearing the Vehicle Identification Number W1N4N4GB9MJ190388 ("Vehicle").

Pursuant to the Offer, Defendant agreed to pay Plaintiff's attorney's fees, costs, and expenses with the amount to be determined by agreement or Court motion. For purposes of such a motion only, Defendant agreed that Plaintiff shall be deemed the prevailing party. In addition, Plaintiff is the prevailing party under the following statutes: Cal. Civ. Code § 1794(d), § 1794(e)(1), 15 U.S.C. § 2310(d)(2).

Plaintiff now moves this Court for an order to Defendant to pay Plaintiff Sixty-Nine Thousand Seven Hundred Twelve Dollars and Fifty Cents ($69,712.50) in fees Forty-Six Thousand Four Hundred Seventy-Five Dollars and No Cents ($46,475.00) in attorney's fees for 71.5 hours of work at the rate of $650/hour, times the 1.5 multiplier, as well as costs in the amount of Four Thousand Six Hundred Thirty-Two Dollars and Thirteen Cents ($4,632.13). In light of the exceptional outcome for Plaintiff, which necessitated these fees, expenses, and costs, the sums requested herein are reasonable, were incurred in good faith, and are fully recoverable.

### II. STATEMENT OF FACTS

On June 9, 2022, Plaintiff filed Plaintiff's Complaint for Damages ("Complaint") in the Superior Court of California, the County of Los Angeles, against Defendant alleging that it manufactured and advertised a defective vehicle. Plaintiff purchased the Vehicle from a dealership authorized by Defendant. The latter warranted the Vehicle for 4 years/50,000 miles, but repeatedly failed to repair the Vehicle's defects, which subjected

Plaintiff to constant inconvenience and safety risks as presented below.

After being in the Plaintiff's possession for only a year, the Vehicle started to manifest its defects: the Vehicle would cut off completely, and the SRS malfunction light would come on the dashboard. On December 29, 2021, Plaintiff was forced to bring the Vehicle to a servicing dealership which failed to perform any repairs claiming that everything had been working as intended.

On February 22, 2022, not even two months after the first visit, the Vehicle was back at the repair facility for the same issue of the Vehicle cutting off when coming to a stop and accelerating. The facility asserted that the Vehicle did not have any issues to be fixed and suggested waiting for the engine to start back up before accelerating when using the start/stop function. Whereas the condition had been getting only worse.

On March 23, 2022, Plaintiff had to bring the Vehicle to another facility as the Vehicle would stall out upon accelerating after the eco stop would be disengaged and it would shut off shortly after starting. The facility verified the complaints and replaced the fuel tank along with the suction pump to address the first issue. The personnel also found leakage in all cylinders coming from the exhaust. They replaced the exhaust valve which had been burned and they installed a new head.

Upon realizing the danger posed by the Defendant's sale of the defective Vehicle and the damage it had inflicted, Plaintiff filed this action to put an end to the continuing threat to their safety, as well as the safety of others.

The Complaint alleged nine causes of action: Fraud and Deceit; Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act; Breach of Implied Warranty Pursuant to the Magnuson-Moss Warranty Act; Breach of Written Warranty Pursuant to the Song-Beverly Consumer Warranty Act; Breach of Implied Warranty Pursuant to the Song-Beverly Consumer Warranty Act; Violation of Business and Professions Code § 17200, et seq.; Violation of Business and Professions Code § 17500, et seq.; Strict Liability and Negligence.

Each of the causes of action arose out of the same set of facts. On each cause of

action, Plaintiff sought to recover the purchase price of the Vehicle, prejudgment interest, and other relief as stated in the Complaint filed on June 9, 2022.

The agreed upon value of the Vehicle was Thirty-Six Thousand One Hundred Seventy-Five Dollars and Forty-Three Cents ($36,175.43). The total cost under the contract including sales tax, registration charges, document fees and other collateral charges, such as bank and finance charges, totals Sixty-Three Thousand One Hundred Fifty-Six Dollars and Eighty-Eight Cents ($63,156.88). Plaintiff was eager to obtain a replacement vehicle. However, Defendant refused to offer a pre-litigation remedy to Plaintiff. Plaintiff did not have the resources to purchase or lease a replacement vehicle while making payments for the Vehicle. Therefore, Plaintiff was forced to proceed with litigation in order to pressure Defendant to repurchase the Vehicle. Despite repeated requests for a statutory repurchase, Defendant failed to make a reasonable offer after the present lawsuit was filed. It was imperative to Plaintiff to reach an expeditious settlement. However, Defendant kept refusing and continued with the litigation process.

It was not until about February 17, 2023, when the Offer was finally extended. Plaintiff is confident that Defendant will not be disputing the exceptional outcome secured by Plaintiff's Counsel via the Offer for the benefit of Plaintiff.

Until the case was settled, Plaintiff's Counsel worked hard in anticipation of the trial proceeding as planned. Unfortunately, Plaintiff incurred significant attorney's fees, costs, and expenses due to the litigation necessitated by the Defendant's failure to fulfill its legal obligations under the warranty. The case was unnecessarily prolonged due to Defendant's tenacious litigation approach, which was motivated both by a desire to deter other potential claims and by its available resources. As a result, additional fees were incurred.

Before filing this Motion, Plaintiff's Counsel attempted to informally resolve the dispute over attorney's fees, costs, and expenses through meet and confer efforts. Defendant refused to offer anything remotely reasonable, and to compromise in any reasonable way. In doing so, Defendant necessitated the present Motion. Plaintiff now respectfully requests the Court to grant Plaintiff's attorney's fees, costs, and expenses

incurred in prosecuting this action.

## III.   PLAINTIFF IS ENTITLED TO RECOVER HIS ATTORNEY'S FEES, COSTS AND EXPENSES INCURRED IN DEFENDING THIS ACTION

### A.  Plaintiff Is a Prevailing Party in This Action

Pursuant to the Offer between the Parties, Plaintiff is the prevailing party under § 1794(d), in this action, for purposes of the present motion for attorney's fees, costs, and expenses. This is not disputed by Defendant.

### B.  Plaintiff Is Entitled to Recover His Attorney's Fees, Costs, and Expenses Incurred in Pursuing This Action

Pursuant to the Offer, Plaintiff, as a prevailing party, is entitled to recover his attorney's fees, costs, and expenses. The dispute is regarding the amount of such fees, costs, and expenses. It is an accepted practice for federal courts in diversity actions to rely on state law in determining whether to grant and how to calculate Plaintiff's Attorney's fees. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In this case, the Court can rely upon the Song-Beverly Act which allows buyers, who prevail in an action under this act, to recover "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (§ 1794(d).) Here, Plaintiff is recognized to be a prevailing party in the Settlement Agreement and Plaintiff is the party who achieved his "main litigation Objective." (*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 150-51 (2006).) *See also Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012) (holding that "consumers who successfully achieve the goals of their litigation through a compromise agreement" may recover attorneys' fees and costs as prevailing parties under the Song-Beverly Act.) Consequently, Plaintiff, as a party entitled to his attorney's fees, presents below the "Lodestar" approach for calculating them.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

### C.  The "Lodestar" Approach Is Mandated by California Law for Determining Plaintiff's Attorney's Fee Award

Since 1977, California Supreme Court has repeatedly held that the Lodestar method of calculation is mandatory for determining attorney's fee award (*Serrano v. Priest (Serrano III)*, 20 Cal.3d 25, 48 n23 (1977). "The lodestar assures counsel undertaking socially beneficial litigation (as legislatively identified by the statutory fee shifting provision) an adequate fee irrespective of the monetary value of the final relief achieved ..." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank*, 55 F.3d 768, 821 (3d Cir. 1995)

Thus, for the purpose of judicial efficiency and fairness, Plaintiff requests this Court to determine Plaintiff's attorney's fees applying the lodestar method, since it represents the most just practice for remunerating Plaintiff's effort and exceptional results. *Gibson v. Forest Hills Sch. Dist. Bd. of Educ.*, No. 1:11-cv-329, at *8 (S.D. Ohio July 15, 2014) ["The lodestar method is readily administered and is objective, thus permitting meaningful judicial review."]

"In determining a reasonable attorney's fee, the court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *(Ketchum v. Moses*, 24 Cal.4th 1122, 1131-32 (2001).) "In making its calculation, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees." (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal.App.5th 426, 437 (2016).)

Ordinarily, the lodestar amount is established based upon the evidence presented by the fee applicant, and such evidence is certainly sufficient if it consists of declarations from Counsel and billing records setting forth the hourly rates charged, the hours expended, and the services performed. *(PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1096 (2000).) Here, Class Counsel presented his declaration along with the respective billing records. Thus, he is entitled to recover fees for all hours reasonably spent working on the case. *Vo v. Las Virgines Mun. Water Dist.*, 79 Cal.App.4th, 440, 446 (2000) ("Under

-11-

the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render the award unjust."); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1175 (1998) ("an attorney who takes on a case can anticipate receiving full compensation for every hour spent litigating a claim against even the most polemic opponent.").

### D.  The Total Hours Expended on the Case Are Reasonable

Prevailing Counsel is entitled to compensation for all hours: "absent circumstances rendering the award unjust, fees recoverable under section 1021.5 ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." (*Vo*, 79 Cal. App. 4th 440, 446, citing *Serrano v. Unruh*, 32 Cal.3d 621, 639 (1982).)

Defendant chose to litigate tenaciously to avoid legal responsibility over what is indisputably a pittance for the corporate giant it is. A decision which unnecessarily and purposefully prolonged the case. Defendant was not concerned about the delays and additional defense expenses as it benefited from the delay. On the contrary, Plaintiff, an individual of limited means, who meant to acquire a safe and reliable vehicle for personal use, was willing to resolve the matter amicably without resorting to tenacious litigation incurring extensive attorney's fees and costs. The controversy resulted in sizeable litigation efforts and accompanying expenditures. Nevertheless, Defendant is now refusing to pay for that which it caused Plaintiff to incur.

It is established that attorney's fees awarded pursuant to a statute should *"include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim . . . ."* (*Serrano,* 32 Cal.3d 621, at 639*.*) "[A party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiff in response." *id*, at 638. "Those who elect a militant defense are responsible for the time and effort they extract from their opponents." *id* at 639. Therefore, Defendant should reimburse Plaintiff for the attorney's fees and costs of doing so, in full.

This legislative intent, laid out in the language of both the Song Beverly Consumer

Warranty Act and the Magnusson-Moss Warranty Act, is to permit California consumers who have been victimized to seek judicial redress, notwithstanding the fact that doing so may require "substantial expenditure of time and effort but produce only small monetary recoveries." (*Robertson v. Fleetwood Travel Inc.,* 144 Cal.App.4th 785, 50 Cal. Rptr. 3d 731, 164 (Cal. Ct. App. 2006).) At the same time the fee-shifting provisions in consumer statutes including said acts, address the issue of manufacturer compliance with issued warranties, specifically, the need to keep the manufacturers motivated to perform and avoid misleading practices by suffering direct economic detriment because of their actions. *See S. Rep. No. 93-151,* 1st session, at 7-8 (1973).

Senator Magnuson further clarifies "It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible." (*S. Rep. No. 93-151,* at 23-24.) Without fee-shifting provisions, consumer statutes would be ineffective. For that reason, Courts have awarded attorney's fees based upon the time expended, even in cases involving relatively small damages. *See*, e.g. *Doppes v. Bentley Motors, Inc.*, 174 Cal.App.4th 967, 1001 (2009) [approving $402,187 in attorney fees in a lemon law case in 2008]; *Kwan v. Mercedes Benz of North Am.*, 23 Cal.App.4th 174, 180 (1994) [$106,000 fee award approved in 1994]; *Hayward v. Ventura Volvo,* 108 Cal.App.4th 509 (2003) [$98,000 in fees following award of $14,812 in restitution plus civil penalties]; *Nightingale v. Hyundai Motor Am.*, 31 Cal.App.4th 99, 102 (1994) [$75,648 in fees in 1994 on a $12,008 recovery]; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (2002) [defense Counsel declared that fee awards can exceed $60,000 in Song-Beverly cases in 2002.]

Plaintiff's Counsel has spent 71.5 hours pursuing this action to date and incurred expenses in connection with this action, none of which has been reimbursed so far.

In general, "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney's fees under the lodestar method." *See Concepcion v. Amscan Holdings, Inc.*, 223 Cal.App.4th 1309, 1324 (Cal. Ct. App. 2014) citing *Wershba v. Apple Computer,*

*Inc.*, 91 Cal.App.4th 224, 254 (Cal. Ct. App. 2001) [affirming lodestar fee award based on "declarations evidencing the reasonable hourly rate for [the attorneys'] services and establishing the number of hours spent working on the case"; "California case law permits fee awards in the absence of detailed time sheets"]; *Mardirossian v. Ersoff*, 153 Cal.App.4th 257, 269 (Cal. Ct. App. 2007) ["there is no legal requirement that an attorney supply billing statements to support a claim for attorney fees".]

Moreover, declarations of Counsel setting forth the reasonable hourly rate, the number of hours worked, and the tasks performed are sufficient. *See Steiny & Co. v. California Electric Supply Co.*, 79 Cal.App.4th 285, 293, 93 (2000) ["[a]n attorney's testimony as to the number of hours worked is sufficient to support an award of attorney fees, even in the absence of detailed time records".] "Although a fee request ordinarily should be documented in great detail, it cannot be said ... that the absence of time records and billing statements deprive[s] [a] trial court of substantial evidence to support an award...." (*City of Colton v. Singletary*, 206 Cal.App.4th 751, 206 (Cal. Ct. App. 2012))

"It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. … It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." (*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir., 2008).)

Nevertheless, Plaintiff's Counsel has offered a detailed outline of expended hours as reflected in the Counsel's Declaration and a breakdown of costs and expenses illustrated in the Application to the Clerk to Tax Costs. In this manner, Plaintiff provides sufficient evidence supporting the reasonableness, quality, adequacy, and compensability of the hours spent on pursuing this action and reaching the settlement.

Moreover, the California Supreme Court has repeatedly asserted that along with recovering their attorneys' fees prevailing parties are also entitled to recover their fees for the time spent on preparing fee applications such as this one. *See Serrano*, 32 Cal.3d 621

at 631; *Los Angeles Police Protective League v. City of Los Angeles*, 188 Cal.App.3d 1, 17 (1986); *Robertson*, 144 Cal.App.4th 785, 50; *Ketchum*, 24 Cal. 4th 1122. The Declaration of Hovanes Margarian also includes an estimate of the time that will be spent reviewing the opposition brief and drafting a reply.

The recovery of attorney's fees and costs Plaintiff is now seeking for services which were necessary to litigate this case completely and professionally. Therefore, Defendant cannot dispute them and has no evidence to the contrary. Plaintiff's Counsel has expended 71.5 hours for which he must be compensated. Defendant will make contrary statements in its opposition without presenting a shred of evidence.

### E.  Plaintiff's Counsel's Hourly Rates Are Reasonable

Plaintiff's Counsel represents consumers in class actions, lemon law and dealer fraud cases, exclusively as plaintiffs' Counsel, and on pure contingency terms, advancing all costs and expenses at no risk to plaintiffs. Plaintiff's Counsel's current billing rate for contingency cases is $650 per hour. *See Bd. of Trs. of Laborers Health v. 3B Enters.*, No. 19-cv-06603-SK, at *10 (N.D. Cal. May 8, 2020) ["In the absence of opposing evidence, the proposed rates are presumed reasonable."]

In fact, the district's court approved $650 or more for attorneys of similar skill or experience in the forum district. *See, e.g., Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. 2020) [approving $650 for "the founder and most senior attorney" with 16 years of experience based on his declaration]; *Falco, et al. v. Nissan North America, Inc.*, Case No. 2:13-cv00686-DDP-Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) (approving $670 for the attorney with 14 years of experience) *Zakskorn v. American Honda Motor Co., Inc.*, No. 2: 11-cv-02610-KJM-KJN (E.D. Cal. June 8, 2015) [approving $650 and more for senior partners].

Furthermore, Plaintiff's Counsel's rate is consistent with the Adjusted Laffey Matrix[1] which "sets out a general guideline for awarding attorneys' fees based on

---

[1] There are two versions of the Laffey Matrix, commonly referred to as the U.S.

1    experience ... adjusted for inflation." *Salazar v. Dist. of Columbia*, 809 F.3d 58, 62 (D.C.

2    Cir. 2015). It is used and recognized as a benchmark for deciding the hourly rate. *See, e.g.,*

3    *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 387 (D.D.C. 2018) ["reasonable hourly

4    rate is most commonly determined by the Laffey Matrix"] *Baykeeper v. West Bay Sanitary*

5    *Dist.*, No. C-09-5676 EMC, at *10 (N.D. Cal. Dec. 1, 2011) ["The Laffey Matrix is

6    designed to provide objective guidance in assessing appropriate hourly rates depending on

7    attorney experience."] The original Laffey Matrix survey lists rates for the DC

8    metropolitan area and states that rates for Los Angeles tend to be slightly higher. See, e.g.,

9    *Garnes v. Barnhardt*, No. C 02-4428 VRW, 2006 WL 249522, at *7 (N.D. Cal. Jan. 31,

10   2006.) [adjusting DC Laffey Matrix rates upward for Los Angeles attorneys.] According

11   to the Adjusted Laffey Matrix[2], the reasonable rate for an attorney 11-19 years out of law

12   school is $764 per hour.

13          "Absent a contrary showing, both (1) the number of hours that the prevailing party's

14   attorney spent litigating the case, and (2) his or her regular hourly rate are presumed to be

15   reasonable." *(Serrano,* 32 Cal. 3d 621 at 639.) [Counsel is entitled to all hours actually

16   spent, absent a showing of "special circumstances" that would render such an award

17   unjust.] *See Mandel v. Lackner*, 92 Cal.App.3d 747, 761 (1979) [an attorney's regularly

18   hourly rate is entitled to a presumption of reasonableness.]

19   _____

20   Attorney Laffey Matrix and the Adjusted Laffey Matrix. Both matrixes take their name
     from the first case in which it was utilized, *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4

21   (D.C. Cir. 1984), *overruled in part on other grounds* by *Save Our Cumberland Mountains,*

22   *Inc. v. Hodel,* 857 F.2d 1516, 1517 (D.C. Cir. 1988). Since 1992, the Office of the U.S.
     Attorney for the District of Columbia has maintained an updated version of the *Laffey*

23   Matrix, utilizing the general Consumer Price Index for the District of Columbia. The
     Adjusted *Laffey* Matrix, like the U.S. Attorney's version, starts with the matrix in *Laffey*;

24   however, it adjusts for inflation utilizing the legal services component of the nationwide

25   Consumer Price Index – a measure of inflation in the cost of legal services maintained by
     the U.S. Bureau of Labor Statistics.

26   [2]  The "Adjusted" Laffey Matrix refers to the version published at

27   http://www.laffeymatrix.com/see.html, wherein a PhD economist has adjusted the original
     U.S. Attorneys' Office figures annually to account for inflation as measured by the Legal

28   Services Component of the Consumer Price Index.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG
MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS,
AND EXPENSES

"Although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertion required of their opponents and thus, if unsuccessful, be required to bear the cost." *(McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981).) [fees awarded under federal Truth-in-Lending Act.] Here, Defendant has forced Plaintiff's Counsel to litigate this matter, on contingency, and now continues to contest the attorney's fees and costs which have accrued all due to Defendant's conduct. As such, Defendant should not be allowed to dispute Plaintiff's Counsel's hourly rate.

### a. Plaintiff's Counsel's Skills and Experience Justify the Attorney's Rates Demanded

A trial court may take into account the skill of the attorneys when determining reasonable attorney's fees. *(La Mesa-Spring Valley School Dist. v. Otsuka*, 57 Cal.2d 309, 316 (1962).) Being well-versed in Lemon Law practice, Plaintiff's attorney possesses the necessary expertise to navigate through various nuances in this case, which helps him to achieve exceptional results compared to other attorneys not practicing exclusively in this specific area of law. Owing to Plaintiff's Counsel's experience a resolution to this matter exceeded anything Defendant was willing to entertain and outshined anything a jury would award Plaintiff.

Plaintiff's Counsel Hovanes Margarian has been handling dealer fraud and lemon law cases almost exclusively for over 15 years. The current rate charged by Plaintiff's Counsel is appropriate given the skill, experience, and reputation that the Plaintiff's Counsel has refined throughout his practice.

Furthermore, when "determining what the reasonable hourly rates should be in this case" the Court can consider the evidence of a previous approval of the rate. *Powell v. FCA US LLC*, No. 2:16-cv-02781-DAD-JLT, at *15 (E.D. Cal. Aug. 22, 2020.) Plaintiff's Counsel's hourly rate has been approved by the departments 12, 14, 28, 36, 40, 47, 56, 61, 62, 72, 73, and 74  of the Stanley Mosk Courthouse of the Los Angeles County Superior Court as well where similar fee motions have been argued. (For the list of cases where the Plaintiff's Counsel's rate was approved see Declaration of Hovanes Margarian in Support

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

of Plaintiff Gevorg Matevosyan's Notice of Motion and Motion for Attorney's Fees, Costs, and Expenses at ¶ 21, p. 5.) *Figures v. FCA US LLC*, No. 1:17-cv-00618-DAD-JLT, at *10 (E.D. Cal. Feb. 19, 2020)  ("Plaintiff has demonstrated that counsel has been awarded attorneys' fees at similar rates under the Song Beverly Act. Such evidence is generally sufficient to show that an attorney's hourly rates are reasonable." Citing *Filiberto Negrete v. Ford Motor Co. et al.*, No. 18-cv1972-DOC-KKx, 2019 WL 4221397, at *3 (C.D. Cal. June 5, 2019))

### b.  The Nature and Complexity of the Litigation Support the Attorney's Fees Requested

Defendant necessitated the present litigation, delayed the settlement, and now delays the payment of attorney's fees, costs and expenses. Lemon law cases are not "simple" and "straightforward" as they require extensive knowledge of physics, mechanics, automotive components, and mathematics. Further, the complexity and overbreadth of consumer statutes necessitate a specialized understanding and skillful application of the latter. *See Cofield v. Kia Motors Am., Inc.*, F074977 (Cal. Ct. App. Aug. 23, 2019.) Other prerequisites of a successful litigation include familiarity with automobile industry-specific nuances, the peculiar lexicon, and knowledge of manufacturers and dealers' protocols for repairing vehicles. The foregoing facts and the intricacies of the matter at hand make this case anything but simple and straightforward rendering the fee-reduction a by-product of prejudice. *See Goglin v. BMW of North America, LLC*, 4 Cal.App.5th 462 (2016).) [The court of appeal, however, expressly rejected the arguments that this case was not complex and did not warranty the fees requested and affirmed the trial court's $180,000 fee award (in a case that did not go to trial) and confirmed the $575/hour rate was not unreasonable.] Thus, the nature and complexity of lemon law cases justify Plaintiff's Counsel's rate of $650 per hour.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

### c.  The Contingent Nature of the Fee Award Compels Granting the Hourly Rate

Counsel for Plaintiff accepts consumer cases on a pure contingency basis, advancing all costs at his own risk. Plaintiff's Counsel started working on this case about a year ago, in March 2022. Since that time, Plaintiff's Counsel worked on the case without receiving any compensation and expending all costs necessary. Plaintiff's Counsel agreed to bear the entire financial risk of this lawsuit, including the risk that he would not achieve a favorable result for Plaintiff and recover nothing for all of his efforts. Plaintiff's Counsel could have expended his time on other matters charging his usual and customary rate of $550 per hour for non-contingency work. Instead, he risked getting paid nothing and losing the funds expended on costs, for the benefit of representing Plaintiff in this matter.

The California Supreme Court establishes a higher rate for contingent cases as appropriate compensation for the inherent risk in not getting paid at all. "A contingent fee must be higher than a flat fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he or she renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans. A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his or her work if the lawyer is paid only for the second of these functions." (*Ketchum*, 24 Cal.4th 1122, at 1132, 1133.)

While Plaintiff's Counsel acknowledges that Defendant's Counsel might be paid considerably less than Plaintiff, that is of no merit since they do not bear any risk litigating this action. Thus, their payment does not hinge upon their ultimate success. Defendant's Counsel receive a monthly retainer without advancing any costs. Being the prevailing party of this action thanks to Plaintiff's Counsel's vigorous efforts, Plaintiff too is entitled to recover his attorney's fees and costs so as not to be forced to pay his attorney out of his damages' recovery.

Without compensation for contingency, "[b]usy and successful attorneys simply could not afford to accept contingent employment . . . . Such an arrangement would ill serve policies of enormous national importance." (*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 US 711 (Supreme Court 1987) citing *Yates* v. *Mobile County Personnel Bd.*, 719 F. 2d, 1530 at 1534 (1983).) On the other hand, without the prospect of being awarded fees often exceeding statutory damages, victims of consumer rights violations will be unable to secure the help that the statutes are aimed to provide.

This illustrates the importance of considering the contingency factors, present in this case, when calculating attorney's fees. Here, Plaintiff's Counsel litigated the matter, defended the rights of Plaintiff, and advances the incurred costs of the lawsuit facing the risk of not getting paid. Hence, Plaintiff's Counsel qualifies for the requested hourly rate based upon the contingency factors.

### F.  Plaintiff Is Entitled to a Multiplier of 1.5

The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Ketchum*, 24 Cal.4th at 1131-1132, 104 Cal.Rptr.2d 377, 17 P.3d 735.) The Court may augment the lodestar amount, if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case.

Asking for a multiplier, "one of the most common fee enhancers" is an accepted practice in cases where Counsel works on "pure contingent basis" and due to the "risks associated with the case" similar to this one. (*Bernardi v. County of Monterey*, 167 Cal.App.4th 1379, 1399 (2008); *Ketchum*, 24 Cal.4th 1122; *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004).) In fact, the contingency risk is taken as a basis for determining the enhancement of the lodestar amount. *See Graham v. Daimler Chrysler Corp.,* 101 P. 3d 140 (Cal: Supreme Court 2004).

Plaintiff's Counsel represents consumers on lemon law and dealer fraud cases on pure contingency terms. Consultations are also free for potential clients. A tremendous

amount of time is expended on consulting, gathering case documents, assessing extensive repair records, and researching vehicle defects before a decision to take on a case can be reached. As such, a substantial percentage of Plaintiff's Counsel's time is spent pro bono on evaluating cases. A significant amount of time is also expended on low outcome cases – cases where due to certain factual reasons a full statutory recovery is not anticipated but abandoning consumers with such claims is not appropriate. As such, Plaintiff's Counsel expends large amounts of time working on cases where the recovery, including the fee recovery, is minor compared to the time investment by Counsel. Unrepresented consumers are taken advantage of by defendant vehicle manufacturers all the time. Plaintiff's Counsel has seen hundreds of $1,000 or $2,000 settlement agreements negotiated by unrepresented consumers and manufacturers wherein those consumers had much larger claims. For this reason, Plaintiff's Counsel feels an obligation to assist consumers with all kinds of cases. Lastly, as with any litigation, not all cases reach an ideal resolution wherein the manufacturer agrees to a refund sum plus payment of attorney's fees and costs. Even when it does, as here, the manufacturer refused and claims the fees and costs are a fraction of what they really are.

For the foregoing reasons, the risk factor in lemon law and dealer fraud cases is huge for Plaintiff's Counsel and the average recovery of attorney's fees $0 per hour for 1/3 of his cases, about $100 per hour for the other 1/3 of his cases, and a 1.5 multiplier on cases with a statutory settlement will allow Counsel to recover $975 per hour, and therefore an average rate of $358 per hour across all of these cases. Without a multiplier, Plaintiff's Counsel will be discouraged from trying to assist consumers with less than perfect claims. This will leave these consumers without recourse despite the fact that their claims do have merits.

The "enhancer" supplements the lodestar-based calculation of attorney's fees by augmenting the "touchstone figure" taking into account several factors including but not limited to: (1) the novelty and difficulty of the questions involved; (2) the experience, reputation, and ability of the attorneys; (3) the results obtained; (4) the extent to which the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

nature of the litigation precluded other employment by the attorneys; (5) risk of delayed payment or non-payment; and (6) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award; and (7) the time and labor required. *(Pulliam v. HNL Automotive Inc.,* 60 Cal. App. 5th 396 (Cal: Court of Appeal, 2nd Appellate Dist., 5th Div. 2021) citing *Ketchum,* 24 Cal.4th 1122,, at 1132, 1133-1138*; Komarova v. National Credit Acceptance, Inc.*, 175 Cal.App.4th 324, 348 (Cal. Ct. App. 2009); *Hill v. FCA US LLC*, Case No.: 17-cv-00581-AJB-BGS (S.D. Cal. Jul. 30, 2020).)

Lemon law cases are complex in that they require scientific and mathematical skills. Their novelty is determined by the constant changes affecting the industry which require the specialized attorney to always update his/her knowledge regarding the technical as well as legal aspects of the cases.  Sure, an attorney may wing it and mail a demand letter asking for a refund. However, Plaintiff's Counsel had dedicated his career over a period of more than 16 years to understand the science behind the defects which manifest on vehicles through an illuminated light on a vehicle's dashboard warning. To call cars and litigation of automotive defects "simple" and "basic" is a disservice to the automotive industry and the people behind the creation and manufacture of new vehicles.

Plaintiff's Counsel spent 71.5 hours of his time on the current action. Had he not taken this case, he would have been able to work on a different matter, including, a non-contingency case, and earned his money without taking the risks associated with the matter at hand including the possibility of non-payment. Instead, he decided to dedicate his valuable time and expertise pursuing this action with utmost diligence. The outcome was the Plaintiff's splendid recovery which should be attributed to the hard work of Plaintiff's Counsel. Plaintiff's Counsel outperformed the act and is entitled to the recovery of the requested fees and costs. Without Plaintiff's Counsel skill and expertise in prosecuting this action, Plaintiff would not have prevailed.

"The … upward adjustments in the range of two to four times normal hourly rates are the prevailing practice in the area for contingent risk cases and that a fee enhancement

-22-

of at least 2.0 is required to attract competent Counsel to cases where statutory fees are authorized; they provided numerous examples of fee enhancements awarded in cases involving statutory fee-shifting provisions." (*Ketchum*, 24 Cal.4th 1122.)

For these reasons, Plaintiff's Counsel is requesting a multiplier of 1.5 herein. As such, Plaintiff's Counsel is requesting Sixty-Nine Thousand Seven Hundred Twelve Dollars and Fifty Cents ($69,712.50) in fees ($650 per hour times 71.5 hours spent is Forty-Six Thousand Four Hundred Seventy-Five Dollars and No Cents ($46,475.00), times the 1.5 multiplier.

### G. Plaintiff's Counsel's Costs and Expenses Are Reasonable and Typical

When a statute authorizes the recovery of attorney's fees, that authorization should also include an award of any out-of-pocket expenses of the type normally billed by an attorney to a fee-paying client, even if they are not ordinarily recoverable as "costs". (*Bussey v. Affleck* 225 Cal.App.3d 1162, 1166 (1990); *Guinn v. Dotson* 23 Cal.App.4th 262, 271 (1994); *Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1407 at 1419-1422 (1991).) "The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone." (*Herrera v. FCA US LLC*, Case No.: 3:17-cv-00579-AJB-BGS (S.D. Cal. May. 20, 2021) citing *Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112, 138 (1995).) Here. Plaintiff's Counsel has spent Four Thousand Six Hundred Thirty-Two Dollars and Thirteen Cents ($4,632.13) litigating this action since the filing of the initial lawsuit.

Plaintiff is thus entitled to recover his costs and expenses incurred litigating this action under § 1794(d), § 1794(e)(1), § 2310(d)(2), and Fed. R. Civ. P. 54(d)(1). Furthermore, "Courts have repeatedly held that the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d)." (*Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216 - Dist. Court, (CD Cal. 2020) citing *Forouzan v. BMW of North America, LLC*, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019); *Zomorodian v. BMW of North America, LLC*, 332 F.R.D. 303, 307 (C.D. Cal.

2019).) § 1794(d) is much broader in scope than Rule 54(d) and allows recovery of costs to the extent "reasonably incurred by the buyer in connection with the commencement and prosecution of [this] action." (*Jensen v. BMW of N. Am., Inc.*, 35 Cal.App.4th 112, 138 (1995).)

As a result, Plaintiff shall be allowed, among others, the recovery of his expert costs reasonably incurred for gathering evidence for litigation purposes as it would serve the "'special interest in providing litigants' with full compensation for reasonable sums expended." (*Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 3422607, at *2 (C.D. Cal. July 26, 2019) citing *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064–65 (9th Cir. 2003).)

In addition to expert fees, Plaintiff is entitled, under the Song-Beverly Act, to recover all costs and expenses reasonably incurred in connection with this Action. (§ 1794(d).) The word "expenses" in the California Legislature is meant to cover outlays not included in the detailed statutory definition of "costs," and the Song-Beverly Act's legislative history shows the Legislature allowed the recovery of a host of litigation expenditures beyond those permitted by Song Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, *et seq.*, *Id*.

Plaintiff has fulfilled his burden of establishing costs with a verified Bill of Costs titled "Application to the Clerk to Tax Fees" filed concurrently with the present motion. *See Hadley v. Krepel*, 167 Cal.App.3d 677, 682 (1985.) The verified Application to the Clerk to Tax Fees illustrates Plaintiff's attorney's costs and expenses prosecuting this matter, which counsel advanced on Plaintiff's behalf.

///
///
///
///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GEVORG MATEVOSYAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

**IV.  CONCLUSION**

      For the foregoing reasons, Plaintiff respectfully requests the Court grant the motion and award Plaintiff attorney's fees in the amount of Sixty-Nine Thousand Seven Hundred Twelve Dollars and Fifty Cents ($69,712.50) in fees ($650 per hour times 71.5 hours spent is Forty-Six Thousand Four Hundred Seventy-Five Dollars and No Cents ($46,475.00), times the 1.5 multiplier, and costs in the amount of Four Thousand Six Hundred Thirty-Two Dollars and Thirteen Cents ($4,632.13) as reasonably incurred and recoverable expenses.

DATED: May 4, 2023                THE MARGARIAN LAW FIRM
                                      462 West Colorado Street
                                      Glendale, California 91204

                                      By */s/ Hovanes Margarian*
                                      Hovanes Margarian
                                      Attorney for Plaintiff
                                      GEVORG MATEVOSYAN