Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
Armen Margarian, SBN 313775
armen@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff
GEVORG MATEVOSYAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVORG MATEVOSYAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-04679-MWF (JEMx)<br><br>**PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**<br><br>[Filed Concurrently with Declaration of Hovanes Margarian in Support of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees, Costs, and Expenses; Plaintiff's Responses to Defendant's Bases for Reduction Claimed in Exhibit B; and Plaintiff's Objections to Defendant's Request for Judicial Notice]<br><br>Date: June 5, 2023<br>Time: 10:00 a.m.<br>District Judge: Honorable Michael W. Fitzgerald<br>Magistrate Judge: Honorable John E. McDermott<br>Courthouse: First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012<br><br>Complaint Filed: June 9, 2022<br>Removal Filed: July 8, 2022 |

# **Table of Contents**

I.      INTRODUCTION ...................................................................................... 6

II.     PLAINTIFF'S COUNSEL'S HOURS AND BASE FEES ARE

REASONABLE ........................................................................................ 7

        A.   Defendant's Arguments Are Based on Impertinent Cases ........................ 7

        B.   Plaintiff's Counsel's Rate Is Reasonable ........................................ 8

        C.   The Fees Expended by Plaintiff's Counsel Were Necessary and

        Justified ........................................................................ 11

        D.   Plaintiff's Counsel's Fees Were Incurred in Good Faith and Are

        Fully Recoverable ............................................................... 12

        E.   A Positive Multiplier Is Warranted in This Case ............................. 15

        F.   Plaintiff's Request for Costs Has Been Properly Filed and Shall Be

        Granted ......................................................................... 16

III.    CONCLUSION ....................................................................... 16

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA,
LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND
EXPENSES

1

## **Table of Authorities**

2

3      **Cases**

4      *Aarons, et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt.

5      No. 152 (C.D. Cal. April 29, 2014) .................................................................. 9

6      *Arias v. Ford Motor Company*, No. 5:18-cv-01928-PSG-SP (C.D. Cal. Jan. 27,

7      2020) ................................................................................................................. 8

8      *Christian Reasearch Institute v. Alnor*, 165 Cal.App.4th 1315 (Cal. Ct. App.

9      2008.) .............................................................................................................. 15

10     *Covarrubias v. Ford Motor Company*, No. 19-cv-01832-EMC (N.D. Cal. Aug.

11     10, 2021) ......................................................................................................... 10

12     *Etcheson v. FCA U.S. LLC*, 30 Cal.App.5th 831, 242 Cal. Rptr. 3d 35 (Cal. Ct.

13     App. 2018) ....................................................................................................... 11

14     *Falco, et al. v. Nissan North America, Inc.*, Case No. 2:13-cv00686-DDP-

15     Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) .................................................. 9

16     *Filiberto Negrete v. Ford Motor Co., et al.*, No. 18-cv-1972-DOC-KKx, 2019

17     WL 4221397 (C.D. Cal. June 5, 2019) ............................................................ 8

18     *Garcia v. Mercedes-Benz USA, LLC*, 21 Cal.App.5th 1259 (Cal. Ct. App.

19     2018) ................................................................................................................. 7

20     *Gorman v. Tassajara Development Corp.*, 178 Cal.App.4th 44 (2009).............. 6

21     *Hayward v. Ventura Volvo*, 108 Cal.App.4th 509, 510-513, 133 Cal.Rptr.2d

22     514 (2003) ....................................................................................................... 13

23     *Hensley v. Eckerhart*, 76 L. Ed. 2d 40 (1983) ................................................ 15

24     *Jaramillo v. County of Orange*, 200 Cal.App.4th 811 (Cal. Ct.  App. 2011) ................. 15

25     *Jurosky v. BMW of North America, LLC*, 441 F. Supp. 3d 963 (S.D. Cal. 2020)............ 10

26     *Keegan, et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-

27     MMMAJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) .......................................... 9

28     *Leinberger v. Keystone RV Co.*, CA 4/3 (2015) ................................................ 7

*Leinberger v. Keystone RV Co.*, G049341 (Cal. Ct. App. Oct. 2, 2015))...........................7

*Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal.App.4th 807 (1992)................................7

*Lolley v. Campbell*, 28 Cal.4th 367, 373, 121 Cal.Rptr.2d 571, 48 P.3d 1128 (2002) ...........................................................................................................13

*Lunada Biomedical v. Nunez*, 230 Cal.App.4th 459 (2014).............................................12

*Mandel v. Lackner*, 92 Cal.App.3d 747, 761 (1979) .......................................................9

*Mikhaeilpoor v. BMW of North America, LLC*, 48 Cal.App.5th 240 (2020) ....................7

*Morris v. Hyundai*, 41 Cal.App.5th 24 (2019)................................................................8

*Powell v. FCA US LLC*, No. 2:16-cv-02781-DAD-JLT (E.D. Cal. Aug. 22, 2020) ..........................................................................................................................8

*Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association¸* 163 Cal.App.4th 550 (2008) .......................................................................12

*Rahman v. FCA US LLC*, No. 2: 21-cv-02584-SB-JC (C.D. Cal. Mar. 29, 2022).......9, 10

*Raining Data Corp. v. Barrenechea¸* 175 Cal.App.4th 1363 (2009) ..................12, 13, 14

*Robertson v. Fleetwood Travel Inc.*, 144 Cal.App.4th 785, 50 Cal. Rptr. 3d 731 (Cal. Ct. App. 2006).....................................................................................................7

*Save Our Uniquely Rural Community Environment v. County of San Bernardino*, 235 Cal.App.4th 1179, 185 Cal. Rptr. 3d 860 (Cal. Ct. App. 2015).............7

*Serrano v. Unruh*, 32 Cal.3d 621 (Cal. 1982)....................................................7, 9, 13

*Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945 n. 2 (9th Cir.2007) .............................15

*Zakskorn v. American Honda Motor Co., Inc.*, No. 2: 11-cv-02610-KJM-KJN (E.D. Cal. June 8, 2015).......................................................................................9

*Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216 (C.D. Cal. 2020) .......................................................................................................................9

**Statutes**

15 U.S. Code § 2310(d)(2)...............................................................................7

15 U.S. Code § 26 ..............................................................................................7

Cal. Civ. Code § 1794.......................................................................................7

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

Cal. Civ. Proc. Code § 1021.5 ...........................................................................7

**Rules**

C.D. Cal. L.R. 54-1 through -5 .........................................................................7

Fed. R. Civ. Proc. 54(d) ....................................................................................7

**Reports**

Burdge, Ronald L., et al. *United States Consumer Law Attorney Fee Survey Report 2017-2018*, Burdge Law (September 10, 2019) https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-LawAttorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf ...................................10

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION

Defendant MERCEDES-BENZ USA, LLC's ("Defendant") Opposition to Plaintiff's Motion for Attorneys' Fees, Costs and Expenses ("Opp.") is an elaborate and calculated play of words based on incorrect factual representation, deficient analyses of case law, partial citations not even applicable to this action and attempts to attack every possible element of Plaintiff GEVORG MATEVOSYAN's ("Plaintiff") Motion for Attorney's Fees, Costs, and Expenses ("Motion"). Defendant wants to unfairly and incorrectly insinuate that it is not the party who drew out the settlement and refused to buy back the new 2021 Mercedes-Benz GLA250W bearing the Vehicle Identification Number W1N4N4GB9MJ190388 ("Vehicle"), thus knowingly necessitating the attorney's fees, costs, and expenses.

Plaintiff with his Counsel went against the odds to pressure Defendant to the point of getting the settlement. This is a tremendous accomplishment against Defendant's stubbornness which clearly necessitated the fees. However, Defendant tries to convince this Court that all Plaintiff's Counsel did was accumulate hours labelling his successful efforts as "hyper-aggressive litigation". The outcome of this litigation reveals the true purpose and value of his efforts. The Defendant's labelling and attempts to strike the Motion are merely extensions of its litigation strategy, as it sought to evade liability throughout the entire process. In spite of that, Plaintiff and his Counsel have reached their litigation objectives fully, thus justifying the fees, costs, and expenses incurred.

Defendant's attempts to cite case laws to support its arguments are merely cases with either unrelated or grossly different circumstances. The interpretations of these cases are partial and self-serving and are done in the hope that the Court and Plaintiff's Counsel will not do their research to revisit them.

///

///

///

-6-

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

## II.   PLAINTIFF'S COUNSEL'S HOURS AND BASE FEES ARE REASONABLE

### A. Defendant's Arguments Are Based on Impertinent Cases

Defendant introduces an abundance of cases without evaluating their pertinence to the matter at hand. It tries to justify a "reduced award" (Opp. at p. 5) by a construction-related case *Gorman v. Tassajara Development Corp.*, 178 Cal.App.4th 44, 101 (2009).[1] Defendant's argument is that the Court decided to curtail the award since "an attorney over-litigated a case or submitted a padded bill or that the opposing party has stated valid objections." (Opp. at p. 5.) However, this assertion lacks any merit as "the court reversed and remanded" this case, "because it could not determine any rational basis for the trial court's calculation" and the "award appeared to be 'snatched whimsically from thin air'". *Save Our Uniquely Rural Community Environment v. County of San Bernardino*, 235 Cal.App.4th 1179, 185 Cal. Rptr. 3d 860 (Cal. Ct. App. 2015).

Defendant sets forth *Serrano v. Unruh*, 32 Cal.3d 621 (1982) as a basis for denying "unreasonable fee request" (Opp. at p. 6) whereas that matter depended on the consideration of awarding fees under Cal. Code Civ. Proc. § 1021.5 and here Plaintiff is entitled to the fees and costs based on Cal. Civ. Code § 1794(a), § 1794(d), § 1794(e)(1), 15 U.S. Code § 26, 15 U.S. Code § 2310(d)(2), Fed. R. Civ. Proc. 54(d), and C.D. Cal. L.R. 54-1 through -5.

Defendant further offers *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal.App.4th 807 (1992) as a "useful guidance for resolving" the question of fees. (Opp. at p. 4) A case, which contrary to this one, did not involve a "contingent fee arrangement" and where "attorneys billed 13 to 16 hours per day"; "charges were duplicative"; as well as "$6,000 [alone] was billed for travel time". (*id*.; *see also*, *Robertson v. Fleetwood Travel Inc.*, 144 Cal.App.4th 785, 50 Cal. Rptr. 3d 731 (Cal. Ct. App. 2006) [stating the necessity to differentiate between cases with contingent fee arrangement].)

---

[1] Plaintiffs, in this matter, requested more than $1,500,000 in attorney's fees and more than $50,000 for postage, photocopying, faxing, and Federal Express among other costs.

Then, Defendant brings a list of cases (*See* Opp. at p. 5-9.) trying to justify reduction of fees and rates which are clearly distinguishable from the matter under question.[2] Thus, Defendant's attempts to reduce the award do not have a solid ground.

## B. Plaintiff's Counsel's Rate Is Reasonable

When "determining what the reasonable hourly rates should be in this case" the Court can consider the evidence of a previous approval of the rate. *Powell v. FCA US LLC*, No. 2:16-cv-02781-DAD-JLT (E.D. Cal. Aug. 22, 2020.) Plaintiff's Counsel's hourly rate of $650 has been approved by the departments 12, 14, 28, 36, 40, 47, 56, 61, 62, 72, 73, and 74 of the Stanley Mosk Courthouse of the Los Angeles County Superior Court as well where similar fee motions have been argued.[3] *Filiberto Negrete v. Ford*

---

[2] *Garcia v. Mercedes-Benz USA, LLC*, 21 Cal.App.5th 1259 (Cal. Ct. App. 2018) - distinguishable, because there Plaintiff was not recognized as a prevailing party; *Leinberger v. Keystone RV Co.*, CA 4/3 (2015) - distinguishable as two high billing attorneys were handling one case, and the case was initially filed with the federal court instead of the state which resulted in the "wasted time", *Leinberger v. Keystone RV Co.*, G049341 (Cal. Ct. App. Oct. 2, 2015)); *Mikhaeilpoor v. BMW of North America, LLC*, 48 Cal.App.5th 240 (2020) (*See* Opp. at p. 11) – distinguishable, because the attorneys on that case requested $344,639, and it "include[d] dual billing of attorneys when the work of only one (at times) was reasonably required" *id.*; *Morris v. Hyundai*, 41 Cal.App.5th 24 (2019) (*See* Opp. at p. 11.) – distinguishable, because this case "was overstaffed to a degree that significant inefficiencies and inflated fees resulted" *id*. In *Arias v. Ford Motor Company*, No. 5:18-cv-01928-PSG-SP, (C.D. Cal. Jan. 27, 2020) (ECF Dkt 50) – distinguishable, because the fee award on Arias was adjusted as there were inconsistencies found in the proposed rates of multiple attorneys and the Court was unable to discern the underlying basis for any given rate determination. Further, Defendant lists two other cases without providing any citation or referencing any specific part. From these, in *Boyzo v. FCA US LLC*, No. 17- CV-04154-JCS, 2020 WL 1914805 (N.D. Cal. Apr. 20, 2020) the Court rejected defendant's argument that the "time billed" was excessive and decided attorney's rates based on the previously approved rate; *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2020 WL 363006 (N.D. Cal. Jan. 22, 2020) where the Court again found the time billed to be reasonable and similarly decided the rates based on the previously approved rate. Moreover, in *Cox v. FCA US LLC*, No. 3:20-CV-03808- WHO, 2022 WL 316681 (N.D. Cal. Feb. 2, 2022) the Court actually confirmed the hourly rates requested by the counsels and granted the expended hours as reasonable

[3] For the list of cases where the Plaintiff's Counsel's rate was approved *see* Declaration of

---

-8-

*Motor Co. et al.*, No. 18-cv-1972-DOC-KKx, 2019 WL 4221397, at *3 (C.D. Cal. June 5, 2019) ("Plaintiff has demonstrated that counsel has been awarded attorneys' fees at similar rates under the Song-Beverly Act. Such evidence is generally sufficient to show that an attorney's hourly rates are reasonable.")

Absent a contrary showing, both (1) the number of hours that the prevailing party's attorney spent litigating the case, and (2) his or her regular hourly rate are presumed to be reasonable. *See* e.g., *Serrano v. Unruh*, 32 Cal.3d 621, 639 (Cal. 1982) [Counsel is entitled to all hours actually spent, absent a showing of "special circumstances" that would render such an award unjust]; *Mandel v. Lackner*, 92 Cal.App.3d 747, 761 (1979) [an attorney's regularly hourly rate is entitled to a presumption of reasonableness.]

Defendant lists cases "involving different counsel" to claim the "reasonable" rate of $325 for a senior partner with more than 15 years of experience. (*See* Opp. at p. 8.) Whereas Defendant does not cite a single case where a court reduced the rate of Plaintiff's Counsel, Plaintiff presents cases where he was awarded the rate of $650. (*See* Declaration of Hovanes Margarian in Support of Plaintiff Gevorg Matevosyan's Notice of Motion and Motion for Attorney's Fees, Costs, and Expenses ("Decl"). at ¶ 14, p. 3.; *see, Rahman v. FCA US LLC*, No. 2: 21-cv-02584-SB-JC (C.D. Cal. Mar. 29, 2022). [where the Court approved the counsel's rate based on "numerous recent opinions from courts in Los Angeles County" approving "the same or substantially similar rates for …Plaintiff's counsel"])

Furthermore, the district's court approved $650 or more for "attorneys of similar skill or experience in the forum district." *See, e.g., Zargarian v. BMW of North America, LLC*, 442 F. Supp. 3d 1216 (C.D. Cal. 2020) [approving $650 for "the founder and most senior attorney" with 16 years of experience based on his declaration]; *Falco, et al. v. Nissan North America, Inc.*, Case No. 2:13-cv00686-DDP-Manx, Dkt. No 325 (C.D. Cal.

---

Hovanes Margarian in Support of Plaintiff Gevorg Matevosyan's Reply to Defendant Mercedes-Benz USA, LLC's Opposition to Plaintiff's Motion for Attorney's Fees, Costs, and Expenses at ¶ 14, p. 3.

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

June 1, 2018) (approving $670 for the attorney with 14 years of experience) *Zakskorn v. American Honda Motor Co., Inc.*, No. 2: 11-cv-02610-KJM-KJN (E.D. Cal. June 8, 2015) [approving $650 and more for senior partners]; *see also*; *Aarons, et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (in 2014, approving the hourly rate of $590 for an attorney with 10 years of experience in a consumer warranty matter involving BMW breach of warranty); *Keegan, et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMMAJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving an hourly rate of $570 for the managing partner (with 10 years of experience) of a firm representing plaintiff in a lemon law matter).

Defendant's mere variance of opinion or rulings in several cases are not enough to push its arguments through. *Rahman*, No. 2: 21-cv-02584-SB-JC. [approving the higher rates for senior attorney for plaintiff despite a couple of lower rate approved cases cited by defendant.] Defendant "makes no attempt at explaining why [its cited cases are] more influential than the multiple other cases approving rates similar to those sought here." *Jurosky v. BMW of North America, LLC*, 441 F. Supp. 3d 963 (S.D. Cal. 2020). It just cherry-picks cases fitting its viewpoint and tries to impose $325 as a rate for a senior partner with more than ***fifteen*** years of experience which is completely unacceptable. *See*, e.g., *Covarrubias v. Ford Motor Company*, No. 19-cv-01832-EMC (N.D. Cal. Aug. 10, 2021) [approving the rate of $395 for an attorney with ***five*** years of experience]

Furthermore, "the reasonableness of a fee is a range" and nothing in the decisions made in one case "compels the conclusion that all of the other cases cited erred". *Cox*, 3:20-cv-03808-WHO. Granting the hourly rate of $650 to an attorney of a prevailing party is within the range identified in an empirical study showing the prevailing market rate. *See* Burdge, Ronald L., et al. *United States Consumer Law Attorney Fee Survey Report 2017-2018*, Burdge Law (September 10, 2019) https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-LawAttorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf at page 59.

///

PLAINTIFF GEVORG MATEVOSYAN'S REPLY TO DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

### C. The Fees Expended by Plaintiff's Counsel Were Necessary and Justified

Plaintiff exhausted his efforts to avoid litigation. Moreover, while litigating the case Plaintiff aimed for the most expeditious and reasonable settlement. The settlement was reached only about one year into litigation. This confounds Defendant's claims that this is a "simple, routine lemon law case" requiring only a minimal effort and not the "excessive time or special attention" dedicated to it by Plaintiff's Counsel, otherwise Defendant would not have forced Plaintiff to resort to tedious litigation. (*See* Opp. at p. 1.) The letter of revocation was sent to Defendant on April 21, 2022, to avoid extensive litigation. Upon receipt of this letter, Defendant, however, did not offer to release or anything even remotely similar to the Fed. R. Civ. Proc. Rule 68 Offer ("68 Offer") extended by Defendant (collectively with Plaintiff referred to as the "Parties").[4]

The favorable and reasonable terms and conditions of the settlement for Plaintiff were indisputably the outcome of Plaintiff's Counsel's skills and determination. This "degree of success" justifies the award of the fees expended. *Etcheson v. FCA U.S. LLC*, 30 Cal.App.5th 831, 242 Cal. Rptr. 3d 35 (Cal. Ct. App. 2018) Thus, Plaintiff's Counsel's conduct was justified and necessary for purposes of securing this settlement. As such, to now retroactively challenge that conduct is to imply that Defendant would have offered the same settlement terms even if Plaintiff's Counsel had not done his job. That argument lacks logic. Under that argument, Plaintiff's Counsel can simply wait around and recover victories on all his cases without making a real effort to be prepared for a trial. This can only be the case under the assumption that the presupposed ideal settlement will come on its own at some point. Such an assumption is incorrect and is considered nothing but an attorney's misconduct deserving a disbarment.

Defendant resorts to different means to discredit Plaintiff's Counsel with unsubstantiated accusations and loaded phrases smacking of affronts. For instance,

---

[4] Plaintiff was forced to file his complaint, since he was continuously subjected to further damages due to the defective Vehicle.

Plaintiff's Counsel, in his attempt to get compensated for the work he actually performed and properly itemized, turns out to be engaged in "extort[ion]" of "high fees in [a] routine Song-Beverly Act case[]." *See* Opp. at p. 2.

### D. Plaintiff's Counsel's Fees Were Incurred in Good Faith and Are Fully Recoverable

This instant action could have been settled quickly by Defendant without forcing Plaintiff to incur substantial attorney's fees and costs. Plaintiff exhausted every means available to him to settle the dispute without resorting to litigation. Defendant necessitated the extensive and delayed litigation in this matter. Now, Defendant claims that Plaintiff's Counsel did not need to do a thorough investigation and could have merely waited until a settlement was offered. This is preposterous and lacks logic. Defendant cannot simply rely on statements made in its Opp. to argue that the fees, costs, and expenses incurred by Plaintiff are unreasonable and unnecessary. Additionally, Defendant's objections are vague and meritless to support its arguments.

 "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fee claimed are excessive, duplicative, or unrelated do not suffice." *Lunada Biomedical v. Nunez*, 230 Cal.App.4th 459, 488 (2014.) Defendant objects to the hours and fees reported by Plaintiff's Counsel, incorrectly claiming that the hours should be reduced as excessive for the case with "routine tasks". (Opp. at p. 11.) A party opposing a motion for attorney's fees fails to show any abuse of discretion where it merely contends that amounts of attorney's fees are excessive without providing a specific analysis or factual support. *See* e.g., *Raining Data Corp. v. Barrenechea*¸ 175 Cal.App.4th 1363, 1376 (2009) [the Court deemed the groundless assertions as insufficient for disturbing the award of attorney fees]; *Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association*¸ 163 Cal.App.4th 550, 560 (2008) [the failure to cite or submit any evidence to support appellants' argument against attorney fees resulted in the dismissal of the

appeal]. Defendant does not meet any of these conditions.

Defendant fails to offer specific analysis or factual support to support this claim that that Plaintiff's Counsel's hours are "excessive". Defendant cannot conceive the amount of time that goes into representing lay consumers. All Defendant sees is the final product of attorney's work in the form of pleadings. As such, the details of the time spent, and tasks completed by Plaintiff's Counsel can be found in the Decl. filed concurrently with the Motion.[5] Below, Plaintiff presents his objections to the "sampling of some of the most egregious examples of Plaintiff's Counsel's overreaching". *See* Opp. at p. 11.

1. There is nothing in the Song-Beverly Act that prohibits Plaintiff from getting compensation for the pre-litigation work. In fact, when deciding on awarding the fees, the Courts evaluate the "action as a whole" rather than in each individual part. (*Serrano*, 32 Cal.3d 621, 636-637.) Defendant incorrectly asserts that "pre-litigation work is not recoverable" (Opp. at p. 11) without citing a proper source or authority that could support this contention.

2. As most of Defendant's objections, the one concerning the "clerical" or "overheard" tasks lacks any specific analysis or factual support rendering these objections void. See *id.*, *Raining Data Corp.*, 175 Cal.App.4th 1363, 1376. Defendant merely states that Counsel's assistant's tasks are "routinely found to be general overhead" without mentioning where, why, and how they are found to be so. Further, it lists the tasks, such as service and filing, performed by Plaintiff's Counsel as tasks performed by assistant. Then, it posits that the drafts by an attorney are neither subject to proofreading nor require checking for technical issues if the attorney has been practicing more than 15 years.

---

[5] It is asserted in the Decl. that Plaintiff's Counsel rightfully and appropriately expended the 13.4 hours on prefiling, 25.8 hours on post-filing/discovery, 6.7 hours on client communications, 4.1 Hours on Settlement, 7.0 hours on breakdown of expended hours, and 14.5 hours on fee motion. (*See* Decl. at p. 3) Plaintiff also took the time to answer the vague, inconsistent, and groundless objections found in the table filed by Defendant as Exhibit B. *See* Plaintiff Gevorg Martirosyan's Responses to Defendant Mercedes-Benz USA, LLC's Bases for Reduction Claimed in Exhibit B. ("Responses.")

Afterwards, Defendant tosses an assertion that this work should not be recovered because "no paying client would ever be charged" for such work. (Opp. at p. 13) However, "[u]nder fee-shifting provisions contained in remedial statutes, courts have routinely allowed fees to be recovered to compensate for legal services performed for a client even though the client did not have a personal obligation to pay for such services out of his or her own assets." (*See Lolley v. Campbell*, 28 Cal.4th 367, 373, 121 Cal.Rptr.2d 571, 48 P.3d 1128 (2002); *Hayward v. Ventura Volvo*, 108 Cal.App.4th 509, 510-513, 133 Cal.Rptr.2d 514 (2003).) Otherwise, following the logic of Defendant, Plaintiff's Counsel should not get compensated at all as the clients do not pay for this type of work. But most importantly, Plaintiff has not sought any reimbursement for the "office assistant...for simple clerical tasks" despite the Defendant's claims to the contrary in its Opp., at p. 7. Further, the research assistant who helped Plaintiff's Counsel with clerical tasks that were never billed, did neither file any documents electronically, nor serve anything to the opposing party. See Opp. p. 11-12.

2.  The written discovery was prepared but not served since at the time of being drafted for the State Court, Defendant removed the case to this Court. Finally, Plaintiff's Counsel does not simply rely on boilerplates but tailors every draft to the needs of the case which requires a substantial amount of time along with the subsequent editing, review and finalizing. Therefore, Plaintiff respectfully asks the Court to grant this expense. On the other hand, Plaintiff's Counsel can provide all the discovery-related documents upon the Court request.

3. Defendant simply claims that "anticipated work" is not recoverable without providing a specific analysis or factual support rendering these groundless assertions insufficient to disturb the award of fees. *Raining Data Corp.¸* 175 Cal.App.4th 1363, 1376. Plaintiff is not planning to spend more time and file another motion for the fees incurred while requesting those fees (following also the requirement of a single noticed motion in the settlement agreement), that's why the fees for the "anticipated work" were included in the initial motion. Plaintiff's Counsel included the approximate number of hours usually

-14-

spent on such motions based on his experience with the Defendant's Counsel and with this type of motions in general. By the time of filing the Reply, this anticipated work is already implemented, and the hours are approximately the same. In fact, Plaintiff's Counsel had to spend more time reviewing the 22-page Opposition because among other things Defendant included 10 exhibits to its opposition and a request for judicial notice.

4. The breakdown presented by Plaintiff does not contain block billing. "[B]lock billing is the timekeeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." (*Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945 n. 2 (9th Cir.2007).) Defendant incorrectly argues against block billing which is, however, known to be "not objectionable "per se"." *Jaramillo v. County of Orange*, 200 Cal.App.4th 811 (Cal. Ct.  App. 2011); *see also Christian Reasearch Institute v. Alnor*, 165 Cal.App.4th 1315 (Cal. Ct. App. 2008.) Further, the items described as "block billing" do not describe the total time spent on the case but rather refer to the specific tasks of administrative work or communication with the Opposing Counsel.

On top of that, the hours spent in total per category in this matter are comparable to hours spent for similar work in other lemon law cases which have been approved as reasonable by different departments of the Stanley Mosk Courthouse of the Los Angeles County Superior Court. *See* Decl. at 3-4.

### E.  A Positive Multiplier Is Warranted in This Case

Plaintiff's Counsel shall be awarded the multiplier due to several factors explicated in the Memorandum of Points and Authorities ("Memo") filed concurrently with the Motion. Most importantly, Defendant has forced Plaintiff's Counsel to litigate this matter, on contingency, and now continues to contest the attorney's fees and costs which have accrued all due to Defendant's conduct. It further attempts to disregard the risks associated with the contingency nature as well as the fact that an attorney can never be 100% certain of winning even the best case. Such risks include "the delays in payment and the prelitigation likelihood that the claims which did in fact prevail would prevail." (*Hensley*

-15-

1  *v. Eckerhart*, 76 L. Ed. 2d 40 (1983).)

2      Unlike defense counsel, who were compensated on a current basis, Plaintiff's

3  Counsel has not received any compensation for his services to date and has litigated the

4  case from inception without any assurance of compensation for his work. Furthermore,

5  the achieved outcome would not have been possible without a diligent approach employed

6  by Plaintiff's Counsel taking a considerable amount of his time (more than 60 hours in

7  total) that could have been spent on other cases not involving contingency factors. Thus,

8  Plaintiff's Counsel risked a lot in order to advocate for Plaintiff. In doing so, he secured a

9  recovery and is seeking a multiplier of 1.5.

10      **F. Plaintiff's Request for Costs Has Been Properly Filed and Shall Be**

11          **Granted**

12      Plaintiff's Application to the Clerk to Tax Costs justifiably lists the demand for

13  costs. However, Defendant has filed an Opposition to the aforementioned document. Thus,

14  Plaintiff reserves the right to file and serve his Reply to Defendant's Opposition to the

15  Application to the Clerk to Tax Costs within the statutory deadlines.

16  **III.  CONCLUSION**

17      For the foregoing reasons, Plaintiff respectfully requests that the Court awards the

18  total amount of attorney's fees, costs, and expenses requested in the Motion in order to

19  fairly compensate Plaintiff's Counsel for his devotion to this litigation and the result he

20  has achieved.

21  DATED: May 22, 2023                    THE MARGARIAN LAW FIRM

22                                         801 North Brand Boulevard, Suite 210
                                           Glendale, California 91203
23

24                                         By */s/ Hovanes Margarian*
                                           Hovanes Margarian
25                                         Attorney for Plaintiff
                                           GEVORG MATEVOSYAN
26

27

28