UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-4679-MWF (JEMx)                    **Date:** July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER GRANTING IN PART PLAINTIFF'S
MOTION ATTORNEY'S FEES [16]

Before the Court is Plaintiff Gevorg Matevosyan's Motion for Attorney's Fees (the "Motion"), filed on May 5, 2023. (Docket No. 16). Defendant Mercedes-Benz USA, LLC filed an Opposition on May 15, 2023. (Docket No. 21). Plaintiff filed a Reply on May 22, 2023. (Docket No. 25).

The Court read and considered the papers filed on the Motion and held a hearing on June 5, 2023.

The Motion is **GRANTED** *in part*. Plaintiff is awarded **$26,069.30** in reasonable attorney's fees based on 50.62 hours of reasonably expended time at a reasonable rate of $515 an hour.

Plaintiff seeks $69,712.50 in attorney's fee based on 71.5 hours of work of one attorney at a rate of $650 an hour and enhanced by a 1.5 multiplier. Defendant argues that the Court should outright deny fees or, at most, award $7,475.00. Although not as egregious as Defendant claims, the Court does view Plaintiff's request as excessive. This action was a routine lemon law case that settled before any substantive motion practice or discovery ever transpired.

Based on Plaintiff's counsel's experience, the rate he charges non-contingent clients, and the going rates of similar litigation partners in the relevant community, the Court concludes that $515 is a reasonable hourly rate for Plaintiff's counsel. Additionally, the Court cut about 20 hours claimed by counsel concluding such hours

---

**CIVIL MINUTES—GENERAL**                                                    **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-4679-MWF (JEMx)                    Date: July 10, 2023

Title: Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

were excessive, unnecessary, and/or nonbillable.   Finally, the Court declines to award a fee enhancement given this was an unexceptional case that involved minimal work and risk.

## I.    BACKGROUND

Plaintiff commenced this action on June 9, 2022, bringing nine claims against Defendant, including claims for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and Federal Magnuson-Moss Warranty Act.  (*See generally* Notice of Removal, Ex. A (Complaint) (Docket No. 1-2)).  Plaintiff sought to recover the purchase price of a 2021 Mercedes-Benz GLA250W, prejudgment interest, and other relief, based primarily on Defendant's alleged breach of express and implied warranty.  (*Id.*).  Defendant removed this action on July 8, 2022.  (*Id.*).

On April 14, 2023, the parties notified the Court that Plaintiff accepted Defendant's Rule 68 Offer of Settlement.  (*See* Joint Notice of Settlement (the "NOS") (Docket No. 14)).  The NOS indicates that Defendant agrees that Plaintiff is the prevailing party for purposes of any attorney's fee motion but that the parties did not reach agreement regarding the amount of recoverable fees or costs.  (*Id.* at 2).  This Motion followed.

## II.    REQUEST FOR JUDICIAL NOTICE

In support of the Opposition, Defendant request that the Court take judicial notice of an Order re: Attorney's Fees filed in another action in the Northern District of California, *Hanai v Mercedes-Benz USA, LLC*, Case No. 3:20-cv-06012.  (Request for Judicial Notice ("RJN") (Docket No. 23)).  Defendant fails to actually attach the Order as an Exhibit to the Request and Plaintiff objects to the RJN.  Given Defendant failed to attach the Order as an Exhibit, the Court declines to take judicial notice of the Order (and notes it is of limited relevance to the extent Defendant seeks to use the Order to establish a reasonable hourly rate for Plaintiff's counsel given the relevant community here is not the Northern District).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

Likewise, although not framed as an official Request for Judicial Notice, the Court declines to consider unattached state-court orders mentioned by Plaintiff's counsel, Hovanes Margarian.  In a declaration filed in support of the Motion, Mr. Margarian declares that "Departments 12, 14, 28, 36, 40, 47, 56, 61, 62, 72, 73, and 74 of the Stanley Mosk Courthouse of the California Superior Court recently confirmed my rate of $650 as being reasonable on similarly litigated lemon law cases." (Declaration of Hovanes Margarian iso Motion ("Margarian Mot. Decl.") ¶ 20). Although, Mr. Margarian provides the case numbers of the various cases he claims have approved of the $650 rate, he fails to provide any of the actual orders.  The Court is not going to go riffling through public records to find the relevant orders from the 10+ cases cited by Mr. Margarian.  Without the actual orders before the Court, the Court has no basis for assessing the facts of those actions and reasoning of those courts to determine if the other cases make the rate requested reasonable.

Mr. Margarian contends that he can "provide all the motion-related orders" if "the Court deems it appropriate and necessary."  (*Id*. ¶ 21).  But the Court fails to understand why Mr. Margarian needs an invitation to submit evidence to support his fee request when it is his initial burden to prove his claimed rate is reasonable.  The time to come forward with evidence (such as the other orders) is when the Court is considering the merits of the Motion, allowing Defendant a fair opportunity to oppose such evidence.  The Court does not intend to give Mr. Margarian another bite at the apple to adduce the evidence that should have been submitted with the Motion. Therefore, much like the Court's declination to consider the Exhibit that Defendant failed to actually attach to its RJN, the Court declines to consider the unattached orders, allegedly awarding Mr. Margarian an hourly rate of $650.

## III.  DISCUSSION

Under California law, if a buyer prevails in an action under the SBA, he may recover "'the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.'" *Gezalyan v. BMW of North America, LLC*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. Mar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

25, 2010) (citing Cal. Civ. Code § 1794(d)).  "A party is a prevailing party if the court,
guided by equitable principles, decides that the party has achieved its 'main litigation
objective.'"  *Id.*

As noted, the parties have stipulated that Plaintiff is the prevailing party for the
purposes of a motion for attorney's fees and costs.  (Margarian Mot. Decl. ¶ 7).

Demonstrating reasonableness is necessary whether the fee arrangement with
plaintiff is hourly or contingent.  *Robertson v. Fleetwood Travel Trailers of California,
Inc.*, 144 Cal. App. 4th 785, 817, 50 Cal. Rptr. 3d 731 (2006).  The party seeking fees
and costs has the burden to show they "were reasonably necessary to the conduct of the
litigation, and were reasonable in amount."  *Nightingale v. Hyundai Motor Am.*, 31
Cal. App. 4th 99, 104, 37 Cal. Rptr. 2d 149 (1994).  Once an objection to claimed fees
and costs is raised, then the plaintiff's counsel has the burden of showing that all of the
claimed fees were both reasonably necessary and actually incurred.  *EnPalm, LLC v.
Teitler*, 162 Cal. App. 4th 770, 775, 75 Cal. Rptr. 3d 902 (2008).

A reduced award would be justified by a general observation that an attorney
over-litigated a case or submitted a padded bill or that the opposing party has stated
valid objections.  *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101, 100
Cal. Rptr. 3d 152 (2009).  Also, a court has the discretion to deny fees altogether if it
determines that the claimed fees were unreasonably inflated.  *Serrano v. Unruh*, 32
Cal. 3d 621, 635, 186 Cal. Rptr. 754 (1982).  Further, in determining the
reasonableness of a request, "trial courts must carefully review attorney documentation
of hours expended."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1125, 1132, 104 Cal Rptr.
2d 377 (2001).

Plaintiff seeks an award of attorney's fees in the amount of $69,712.50,
representing 71.5 hours of work at a rate of $650 an hour (which totals $46,475.00),
times a 1.5 multiplier.  (Motion at 7).  Defendant argues that Plaintiff's request "should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

be denied outright for flagrant overbilling, or at a minimum, significantly reduced" to
"$7,475.00."  (Opposition at 1, 6).

### A.    Lodestar

The fee setting inquiry in California ordinarily begins with the "lodestar," *i.e.*,
the number of hours reasonably expended multiplied by the reasonable hourly rate.
*PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198 (2000).
"California courts have consistently held that a computation of time spent on a case
and the reasonable value of that time is fundamental to a determination of an
appropriate attorneys' fee award." *Id.* (quoting *Margolin v. Reg'l Planning Com.*, 134
Cal. App. 3d 999, 1004-05, 185 Cal. Rptr. 145 (1982)).  A reasonable hourly rate is
one that is prevailing in the community where the case is litigated for similar work. *Id.*
(citations omitted).

### 1.  Hourly Rate

The parties sharply disagree over the appropriate hourly rate of the single
attorney claiming fees in this action.  Plaintiff seeks a fee based on a rate of $650 an
hour for the work of Mr. Margarian.  (Motion at 7).  Defendant contends that the Court
should award no more than $325 an hour for Mr. Margarian's fee.  (Opposition at 8).

The Ninth Circuit has held that "'[i]n determining a reasonable hourly rate, the
district court should be guided by the rate prevailing in the community for similar work
performed by attorneys of comparable skill, experience, and reputation.'" *Ingram v.
Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation omitted).  Generally, the
relevant legal community for purposes of determining a reasonable hourly rate is the
forum district.  *Gates v. Rowland,* 39 F.3d 1439, 1449 (9th Cir. 1994).  Moreover, the
party requesting fees bears the burden of producing "satisfactory evidence . . . that the
requested rates are in line with those prevailing in the community for similar services
by lawyers of reasonably comparable skill, experience, and reputation." *Blum v.
Stenson*, 465 U.S. 886, 895–96 n.11 (1984).  "If an applicant fails to meet its burden,
the court may exercise its discretion to determine reasonable hourly rates based on its
experience and knowledge of prevailing rates in the community." *Rolex Watch USA*

---

**CIVIL MINUTES—GENERAL                                        5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-4679-MWF (JEMx)**                    **Date:  July 10, 2023**
**Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al**

*Inc. v. Zeotec Diamonds Inc*., No. CV 21-089-PSG (VBKx), 2021 WL 4786889, at *2
(C.D. Cal. Aug. 24, 2021).

In support of the Motion, Mr. Margarian submits a declaration in which he
explains that he is the founder and lead counsel at the Margarian Law Firm, which
launched in 2006 and focuses on plaintiff-side litigation.  (Margarian Mot. Decl. ¶¶ 17-
18).  Mr. Margarian has been practicing law and handling consumer protection cases
for 15 years, and has "handled over 2,500 such cases and presently ha[s] 200 such
pending matters." (*Id*. ¶ 19).  Mr. Margarian explains that he charges billing clients in
non-contingency cases a rate of $550 an hour. (*Id*. ¶ 13).  Mr. Margarian contends that
he requests an additional $100 based on the contingency nature of the work.  (*Id*.).  As
noted, Mr. Margarian declares that several state courts have confirmed his rate of $650
as being reasonable on similarly litigated lemon law cases.  (*Id.* ¶ 20).  But because Mr.
Margarian does not provide the actual orders from the state courts allegedly approving
of his $650 rate, the Court little-to-no weight to that declared fact.

Moreover, as Defendant points out, courts have stated that the "relevant
community" in determining a prevailing market rate is the forum in which the district
court awarding the fees actually sits.  (Opposition at 7) (collecting cases).  Therefore,
the Court considers rates recently awarded to attorneys litigating in the Central District
with similar years of experience and in similar types of actions to be the most
persuasive.  Defendant cites to a host of Central District cases, in which the courts have
awarded hourly rates between $175 and $490 . (*Id.* at 7-8).  In the Reply, Plaintiff cites
to a handful of Central District cases awarding hourly rates between $570 and $670 for
attorneys with ten or more years of experience, like Mr. Margarian.  (Reply at 9-10).
Plaintiff further complains that Defendant simply cherry-picks the cases approving
lower rates but does not explain why those case are more influential than cases cited by
Plaintiff, approving higher rates.  (*Id.* at 10).

At the hearing, Defendant's counsel urged the Court to take a second look at the
cases Defendant cited in the Opposition, where courts have awarded significantly
lower rates to attorneys with similar experience in lemon law actions.  However,
counsel failed to offer a principled reason as to why the Court should apply the rates

---

**CIVIL MINUTES—GENERAL**                                                        6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

from the cases Defendant cites as opposed to the cases Plaintiff cites where courts have awarded significantly higher rates for attorneys with similar experience.

The fact is that district courts in the Central District do not tend to award attorneys of Mr. Margarian's experience uniform hourly rates in lemon law cases, and so, solely referencing similar rates awarded by other courts provides only limited guidance. As such, the Court concludes that the following three sources are particularly persuasive; (1) a recent Central District case considering the reasonable rate for Mr. Margarian in a highly similar action (which neither party saw fit to identify for the Court in their briefs); (2) Plaintiff's declaration explaining his experience and non-contingent rate charged to paying clients; and (3) the 2022 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices ("Real Rate Report"), published by Wolters Kluewer.

First, in *Odadjian v. Jaguar Land Rover N. Am., LLC*, No. CV 21-09333-SB (GJSx), 2022 WL 17254343, at *1 (C.D. Cal. Aug. 18, 2022), the district court considered a highly similar motion regarding the reasonable fees to award Mr. Margarian for a lemon law case that was initially filed in state court, was removed to federal court, and then settled before the parties exchanged any discovery or attended any court proceeding, just as in this action. In that action, Mr. Margarian, through a different plaintiff, sought nearly identical fees: $69,420.00 based on 71.2 hours of attorney time billed at $650 per hour. (*Id.* at *2). There, the defendant produced evidence that attorneys handling vehicle cases have a median hourly rate of $450 and that attorneys with 16-20 years of experience practicing consumer law have an average hourly rate of $422. *Id.* Based on that evidence and the court's own experience in similar cases, the Court awarded Mr. Margarian a rate of $500 an hour. *Id.* This Court considers that assessment highly persuasive given the recency of the Order, the fact that the rate specifically concerned Mr. Margarian, and the highly similar procedural posture and substantive facts of the two actions.

Second, the Court notes that Mr. Margarian's own declaration acknowledges that his normal rate charged to paying clients is $550, not $650. (Margarian Mot. Decl. ¶ 13). Yet, Mr. Margarian argues that the inflated rate is justified given the contingent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

nature of the work, citing *Ketchum*, 24 Cal. 4th at 1132-33.  (Motion at 19).  However, as the *Odadjian* court already explained to Mr. Margarian, *Ketchum* does not stand for the proposition that higher rates are appropriate in contingency fee cases.  "Ketchum addressed an adjustment to the lodestar, not the use of a higher rate to calculate the lodestar in the first instance."  *Odadjian*, 2022 WL 17254343, at *2 (citing *Ketchum*, 24 Cal. 4th at 1132-33).  Indeed, the *Ketchum* court explicitly stated that "the unadorned lodestar reflects the general local hourly rate for a ***fee-bearing case***; it does ***not*** include any compensation for contingent risk[.]"  *Ketchum*, 24 Cal. 4th at 1138 (emphasis in original).  Therefore, the Court will not award a rate higher than that actually charged to paying clients by Mr. Margarian.  The question then, is what rate is appropriate between the $500 per hour awarded by *Odadjian* court and the $550 per hour rate Mr. Margarian claims to charge non-contingent fee clients?

The Court answers that question by turning to a third source, the Real Rate Report.  As other courts have recognized, the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas."  *See Rolex Watch*, 2021 WL 4786889, at *3 (collecting cases using the Real Rate Report to determine reasonable attorney rates in the community).  According to the Real Rate Report, litigation partners in the Los Angeles area make between $516 (first quartile) to $1,045 (third quartile) an hour, with a median rate of $725 per hour.  (*See* Real Rate Report at 16).  However, the Court notes that the Real Rate Report also reports other relevant metrics such as the rate for general liability litigation partners at firms with 50 lawyers or fewer, which is between $210 - $340 per hour, and for litigation partners in auto and transportation litigation, which is between $165 and $375 per hour.  (*Id*. at 53, 140).  Although Mr. Margarian does not specify how many attorneys are at the Margarian Law Firm, given Mr. Margarian was the sole attorney staffed on this action, the Court reasonably assumes the firm has less than 50 lawyers.

Nonetheless, because the small firm and automobile-industry metrics cited do not consider cost of living in Los Angeles, the Court will not expressly base Mr. Margarian's rate on those metrics.  Rather, the Court will instead award a rate of $515 an hour, which is a rate just below the first quartile for general litigation partners in Los Angeles, and therefore, adequately reflects the lower rates of attorneys working at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023**
**Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al**

smaller firms and in automobile litigation.  The Court also views $515 as a reasonable
upward adjustment for inflation from the rate awarded to Mr. Margarian in *Odadjian* in
2022.

Accordingly, the Court concludes that a rate of **$515** per hour is reasonable
based on rates in the relevant community, Mr. Margarian's 15 years of experience and
rate charged to paying clients, and the nature of the work done in this action.

## 2.  Hours Billed

An attorney's fee award should include compensation for all hours reasonably
expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise
unnecessary" should be excluded.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d
1132, 1135 (9th Cir. 2012).  "[T]he standard is whether a reasonable attorney would
have believed the work to be reasonably expended in pursuit of success at the point in
time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830,
839 (9th Cir. 1982).  A district court may apply "hour-by-hour" cuts or, when facing a
"massive fee application," may apply "across-the-board percentage cuts." *Gonzalez v.
City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).

Defendant primarily argues that Plaintiff overbilled this case.  (Opposition at 9-
15).  Specifically, Defendant's objections fall into the following categories;  (1)
counsel billed for non-billable clerical work or costs that are subsumed in overhead; (2)
counsel's entries are duplicative and/or excessive; (3) counsel inappropriately engaged
in block-billing; (4) counsel billed for drafting discovery that was unnecessary and
never served on Defendant; (5) counsel billed for time spent on an unnecessary and
unnoticed expert vehicle inspection; and (6) counsel inappropriately billed for
anticipated work and billed excessively for work on the briefs on this Motion.

Because the Court is not faced with a particularly large fee request, the Court has
engaged in an hour-by-hour analysis to address each of Defendant's arguments.
Having reviewed each billing entry provided by Plaintiff, each objection by Defendant,
and each response by Plaintiff, the Court provides herein its own Reduction Chart
("RC") listing each entry that was either cut or reduced at the end of this analysis,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

which is derived from the Breakdown of Billed Hours provided in support of the Motion.  (*See generally,* Margarian Mot. Decl., Ex. A (Breakdown of Billed Hours); Declaration of Sasha Bassi iso Opposition ("Bassi Decl."), Ex. B (Defendant's Objections to Breakdown of Billed Hours); Margarian Reply Decl., Ex. 1 (Responses to Objections)).  To the extent Plaintiff billed for a task that is not included in the RC below, the Court deemed the entry reasonable.

   ***Non-billable and/or Clerical Work***:  Most of Defendant's arguments regarding non-billable work concern the work of counsel's assistant.  (*See* Opposition at 12) (describing the 5.7 hours billed by a staff assistant).  However, the assistant's hours, although included in the billing records, have not been included in counsel's request for fees for 71.5 hours of work.  (*See* Reply at 14).  Therefore, the Court disregards the time entries and arguments concerning the assistant.

   There are some entries, however, charged at Mr. Margarian's hourly rate, that involve purely clerical tasks and/or work that is not typically billed to a paying client.  For instance, counsel billed 0.30 hours for drafting the retainer agreement.  (*See* RC Entry 1) (the Court notes that the entry number refers to the numbers provided by the Court in the RC below, as Plaintiff's Breakdown of Billed Hours was not numbered).  Contrary to Plaintiff's argument, courts are to determine which hours are reasonably expended by considering which hours could have reasonably been billed to a private client.  *See Gonzalez*, 729 F.3d at 1202 (noting a reasonable number of hours is that which could reasonably have been billed to a private client).  Therefore, the Court has subtracted 0.30 hours from the total hours billed because "drafting the retainer agreement . . . is a task that would not generally be billed to a paying client."  *Rasooly v. Aetna Life Ins. Co*., No. CV 19-01927-JLS (KESx), 2021 WL 1583894, at *6 (C.D. Cal. Mar. 25, 2021).

   Additionally, two entries involve checking the status of filings, makings notes in a system, and calendaring hearing dates, adding up to a total of 0.50 hours.  Such tasks are not billable at a partner's hourly rate but instead are typically subsumed in overhead.  *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that "filing, transcript, and document organization time was clerical in nature and should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

have been subsumed in firm overhead rather than billed at paralegal rates"); *Hernandez v. Spring Charter Inc*., No. 19-CV-01479-TSH, 2020 WL 1171121, at *7 (N.D. Cal. Mar. 11, 2020) (noting that "preparing proofs of service, processing records, posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing have been found to be purely clerical tasks").  Therefore, the Court has subtracted from the total hours 0.50 hours for clerical tasks.  (*See* RC Entries 2 and 3).

***Duplicative, Vague, and/or Excessive Entries***:  Many of Defendant's objections to Plaintiff's billed hours are based on the duplicative or excessive nature of the entries.  Specifically, Defendant argues that "Plaintiff's alleged attorney time is excessive throughout the case, largely as a result of Plaintiff's counsel billing for what they believe the value of an assignment to be and not for the actual time spent, a practice known as 'value billing.'" (Motion at 11).  Defendant contends that Plaintiff's counsel relies on "formulaic" and "template" pleadings and documents and the amount of time spent on tasks such as drafting the form Complaint and this Motion are "egregious" examples of "overreaching."  (*Id*. at 11-12).

The Court has not accepted all of Defendant's proposed reductions, but notes that the hours claimed do appear to be overbilled.  The Court has gone through each billed entry and reduced or eliminated hours it deemed excessive, vague, and/or duplicative.  However, to the extent Defendant contends that pre-litigation work is not recoverable, such as work collecting relevant facts and drafting the Complaint, the Court disagrees.  (*See* Opposition at 11).  Pre-filing work is inevitably necessary to responsibly initiate an action and it seems to the Court that private clients would be expected to pay for such work.  As such, the Court has not eliminated or reduced most of the pre-filing billing entries.

As for the other entries Defendant identifies as "duplicative" and/or "excessive," the Court agrees that certain entries appear to be unreasonably excessive and/or redundant of other entries.  For instance, counsel billed 1.50 hours on "[a]ssess[ing[ the case for further actions" and "[r]eview[ing] all the findings and documents."  (*See* RC Entry 11).  This vague entry gives the Court no indication of how the time was actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023

Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

spent and considering the other hours counsel already billed for pre-filing tasks such as reviewing Plaintiff's documents, the Court deems this entry as excessive and has reduced the hours accordingly.  Likewise, counsel billed three entries for drafting a run-of-the-mill Rule 26 Report, totaling 3.10 hours.  The Court deems the second and third of those entries as excessive.  (*See* RC Entries 18 and 19).

And while the Court disagrees with Defendant's argument that internal communications are per se non-recoverable, the Court does agree that the 3.50 hours vaguely billed for "communications" with counsel's unspecified team members and/or opposing counsel are excessive and unduly vague.  (*See* RC Entries 21 and 22); *see also Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. SA CV 15980-JLS (JCx), 2016 WL 6078324, at \*4 (C.D. Cal. June 29, 2016) (noting that "[c]ourts often reduce the hours claimed for internal communications when such communications are the result of inflationary billing practices" such as billing an "inordinate amount of time" for intraoffice conferences); *see also Acevedo v. City of Los Angeles*, No. CV 14-5661-GHK (PJWx), 2016 WL 11525321, at \*9 (C.D. Cal. Dec. 2, 2016) ("Courts routinely reduce lodestar figures if time sheets are littered with vague billing entries that make it difficult to assess the reasonableness of the hours expended in a case.").

Because the Court concludes that the entries it has identified as excessive and/or vague tend to bill about 30% more than what the Court deems as reasonable for the claimed tasks, the Court has reduced most excessive entries by 30%, with the exception of certain entries that are reduced by greater percentages (given the unreasonableness of the time billed), as specified by the Court below.  *Cf. United States ex rel. Sant v. Biotronik, Inc*., 716 F. App'x 590 (9th Cir. 2017) (affirming use of a percentage reduction that was proportional to the pervasiveness of the issue identified); *see also Nat'l Rifle Ass'n of Am. v. City of Los Angeles*, No. CV 19-03212-SVW (GJSx), 2020 WL 13678997, at \*6 (C.D. Cal. Sept. 29, 2020) (using a graduated approach to cutting hours based on excessiveness, cutting initial hours by 35%, and then cutting later expended hours that were excessive and redundant by 65% and 80% depending on the task); *Acevedo*, 2016 WL 11525321, at \*9 (concluding that entries that at least identified a general task should not be rejected entirely but should be reduced by a percentage to account for inflation).

CIVIL MINUTES—GENERAL                                                                12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

*Block-billing*:  The Court also agrees with Defendant that certain of the entries submitted by Plaintiff's counsel are improperly block-billed.  Block billing is where a time entry states multiple activities for a block of time without specifying the time spent on each task.  Such "block-billing" makes it impossible for the Court to determine whether specific entries are excessive or duplicative.  *Mayer v. RSB Equity Grp., LLC*, No. CV 10-9096-ODW (AJWx), 2011 WL 2650185, at *2 (C.D. Cal. July 5, 2011).  And the problem of block-billing in Plaintiff's counsel's billing records is compounded because several of the block-billed entries mostly involve non-compensable clerical tasks.

For instance, one of the billing entries states: "Read Order Re Jury Trial. Uploaded the filed document to the Case Folder, Notated in the Case File and calendared respective hearings and deadlines."  (RC Entry 20).  Counsel claims to have spent 1.20 hours on that single entry, yet the only arguably compensable aspect of that entry is the review of the Order re: Jury Trial — a 16-page, large-font document.  (*See* Docket No. 13).  Likewise, another entry states: "Read Order Setting Scheduling Conference. Uploaded the filed document to the Case Folder, Notated in the Case File, and calendared the respective hearing."  (RC Entry 17).  Again, the only billable aspect of that entry is review of the Scheduling Order, a 6.5-page document, and yet counsel billed over a half hour on that task (i.e., 0.60 hours).  As such, for block-billed entries in which more than two-thirds of the entry consisted of clerical tasks, the Court reduced the entries proportionally by 70% to ensure counsel is not compensated for non-billable time.  *See, e.g., Langer v. Westco Inv. LLC*, No. CV 19-02439-SVW (SKx), 2020 WL 7060137, at *6 (C.D. Cal. Aug. 7, 2020) ("In consideration of Plaintiff's extensive block billing, combined with billing for administrative and other [non-]compensable tasks, the Court finds a 45% reduction appropriate for all block billed items[.]"); *see also Nadarajah*, 569 F.3d at 921 ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1229 (C.D. Cal. 2020) ("It is well established that a plaintiff may not recover fees for time spent on purely clerical work.") (citing *Davis v. City & Cty. of S.F.*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of S.F.*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).

Other block-billed entries, however, include mostly billable tasks but also contain certain clerical tasks, such as RC Entry 16, which states as follows:

> "Reviewed Defendant's Answer to the Complaint (27-pages long with 45 affirmative defense), evaluated its strength and weaknesses along with those of the case.  Went through each affirmative defense and made corresponding notes.  Uploaded the case to the folder, and notated in the system."

All aspects of that entry are compensable except uploading the documents to a folder and "notating in the system" (whatever that means).  Accordingly, for entries that were mostly billable but also included some clerical tasks, the Court reduced those entries by 30% to account both for the clerical tasks and the inherent inflation that block billing tends to cause.  *See Welch v. Metropolitan Life Ins. Co*., 480 F.3d 942, 948 (9th Cir. 2007) (noting that district courts have "authority to reduce hours that are billed in block format" because it is difficult to evaluate the reasonableness of the hours requested); *see also Lahiri v. Universal Music & Video Distrib. Corp*., 606 F.3d 1216, 1222–23 (9th Cir. 2010) (finding a 30% reduction on block-billed hours to be reasonable); *Yeager v. Bowlin,* CV 08–102-WBS-JFM, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010), *aff'd*, 495 Fed. App'x 780 (9th Cir. 2012) ("[B]lock billing hides accountability and may increase time by 10% to 30% by lumping together tasks.") (citing The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03–01 (2003)) (internal quotation marks omitted).

***Unserved Discovery***:  Defendant next argues that Plaintiff cannot recovery fees for the 5.10 hours billed on unserved discovery.  (Opposition at 11).  Defendant contends that Plaintiff's counsel serves "substantially similar form template discovery and deposition notices in [his] consumer warranty cases" and therefore, the hours claimed are "clearly exaggerated."  (*Id.* at 12-13).  Further, because the discovery was never served Defendant claims that it cannot be sure the hours were actually spent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-4679-MWF (JEMx)                    **Date:** July 10, 2023
**Title:** Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

doing such work and even if the work was done it was unnecessary. In response, Plaintiff contends that the discovery was never served because it was drafted in July 2022, before this action was removed and once removed, the drafted format was no longer valid. (Declaration of Hovanes Margarian iso Reply ("Margarian Reply Decl.") ¶ 8).

Neither party cites any specific authority regarding whether work on unserved discovery is compensable but again the Court deems the *Odadjian* court's order as instructive. There, the same counsel billed 5.80 hours for drafting discovery requests that were never served. *See Odadjian*, 2022 WL 17254343, at *3. The district court noted that Plaintiff's records did not indicate the date on which the discovery was performed, which made it difficult to determine whether the discovery "was prepared just before the parties settled (in which case it may have been reasonable) or earlier on (in which case [the] [p]laintiff's unexplained failure to serve the discovery made its preparation useless)." *Id.* Also noting the form nature of discovery in lemon law cases, the court concluded that the hours were unreasonable and subtracted all 5.80 hours of such time from the total hours claimed. *Id.*

Here, Plaintiff has provided the dates the discovery was drafted, specifically July 1, 5, and 7, 2022. The action was removed on July 8, 2022. (Docket No. 1). The parties did not file a Notice of Settlement until April 14, 2023. (Docket No. 14). Therefore, the mere fact that this action was removed after the discovery was drafted does not explain Plaintiff's failure to reformat the discovery and actually serve it on Defendant in the ***9 months*** after removal but before settlement. Therefore, the Court concludes that the 5.10 hours spent on unserved discovery was entirely worthless and unreasonable. As such, the Court eliminates all 5.10 hours from the total hours claimed as the court did in *Odadjian*. *See* 2022 WL 17254343, at *3; (*see* RC Entries 4-9).

At the hearing, Defendant's counsel reiterated the unreasonableness of the thousands of dollars claimed on unserved discovery. In response, Plaintiff's counsel argued that he had to start working on discovery early or could face penalties for failure to prosecute this action. However, Plaintiff's counsel failed to explain why he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023

Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

drafted discovery and then decided not to serve that discovery for the following 9 months.  The Court views the time spent on discovery as patently unreasonable and will not award any fees for that work.

*Expert Vehicle Inspection*:  Defendant also argues that the Court should not award fees for the 4.50 hours counsel spent inspecting the vehicle for a second time with an expert and the 0.60 hours discussing the inspection with the expert because Defendant had no notice of the inspection, the inspection was unrequested by Defendant, and counsel had already conducted a pre-Complaint inspection of the vehicle for which he has also billed time.  Plaintiff does not offer much response other than to argue the inspection was necessary (and as done throughout the Motion, inaccurately tries to shift the burden to Defendant to demonstrate unreasonableness).

Nonetheless, absent instructive authority, the Court cannot conclude that conducting the expert inspection was entirely unreasonable, as it at the very least could have been performed to bolster Plaintiff's position in any settlement discussions.  However, the Court will reduce the attorney time spent on the second inspection as excessive and duplicative.  By billing for the cost of the expert's time and the attorney's time for the same inspection, the costs of the unnoticed, unrequested (and second) vehicle inspection become unreasonable.  And it is not clear why the attorney had to accompany the expert for all 4.50 hours during the vehicle inspection, especially given the attorney had already billed for his own inspection before filing the Complaint.  Therefore, the Court has reduced the billed inspection time by 50%, allowing counsel to recover 2.25 hours for the expert inspection.  (*See* RC Entry 13).  The Court does not reduce the 0.60 hours claimed for discussing the inspection with the expert, as the Court deems that to be a reasonable amount of time for a follow up conversation with an expert.

*Hours on this Motion*:  Plaintiff's counsel has billed 7.0 hours assembling the Breakdown of Billed Hours filed as an Exhibit in support of this Motion as well as 14.5 hours in drafting the Motion, reviewing the Opposition, drafting the Reply, and in anticipation of the hearing.  (Margarian Mot. Decl. ¶ 9) (summarizing hours spent on compiling billing records, on the Motion, and anticipated work on the Reply/hearing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

The Court is troubled by the amount of fees-on-fees that Plaintiff's counsel seeks and views them as excessive.  While Plaintiff's counsel claims that he does not use templates for his filings, the Court, on its own Motion, takes judicial notice of counsel's filings in the *Odadjian* action.  (*See* Case No. CV 21-09333-SB (GJSx), Motion for Attorney's Fees (Docket No. 20)).  Counsel filed a virtually identical Motion for Attorney's Fees in *Odadjian* and actually claimed less hours in drafting that Motion.  (*See id*., Ex. A (Breakdown of Attorney Hours) (claiming 12 hours total for fee motion).

Given the template nature of the Motion, the Court cuts the hours spent on developing the time entries (7 hours) and the drafting of the Motion (6 hours) both by 50%, finding no more than 6.50 total hours reasonable for those tasks combined.  *See Shaw v. Ford Motor Co*., No. CV 18-01169-JLS- (KKx), 2020 WL 57273, at *5 (C.D. Cal. Jan. 3, 2020) (concluding that 9.90 hours on a motion for attorney's fees in a lemon law action was "unreasonable given that the instant Motion substantially resemble[d]—in fact, [wa]s at times identical to—a Knight Law motion for attorneys' fees in another case currently before the [c]ourt"); *Pacheco v. Ford Motor Co*., No. CV 18-09006-ODW (ASx), 2022 WL 845108, at *5 (C.D. Cal. Mar. 22, 2022) (reducing time claimed on fee motion from 6.7 to 3.7 hours primarily because the motion was a template motion that counsel had used on many other lemon law cases and declining to award any fees for the 0.80 hours spent reviewing the billing records in preparation for the motion).

Because the Reply is more individualized than the Motion, however, the Court will only reduce the 4.50 hours claimed to have been spent on the Reply by 30%, allowing counsel to recover 3.15 hours for the work on the Reply.  The Court notes that Defendant contends that Plaintiff is not entitled to bill for hours incurred after filing the Motion, given the work had not been expended at the time the Motion was filed.  (Opposition at 13).  However, Defendant does not point the Court to any authority for that proposition.  Courts routinely award fees for work on fee motions, including work reasonably anticipated in preparing the Reply and attending oral argument.  *See In re Transpacific Passenger Air Transportation Antitrust Litig*., No. CV 07-05634-CRB, 2023 WL 1428565, at *4 (N.D. Cal. Jan. 19, 2023) ("[C]ourts in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-4679-MWF (JEMx)                    **Date:** July 10, 2023
**Title:** Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

this Circuit can count anticipated future work in calculating fee awards.") (citing *In re Volkswagon "Clean Diesel" Mktg. Sales Practices, and Prods. Liab. Litig.*, 746 F. App'x 655, 659 (9th Cir. 2018)). Therefore, the Court rejects the notion that such hours are not recoverable (and notes that Plaintiff's counsel confirms that he actually expended more time than originally anticipated in reviewing the Opposition, but does not adjust his request). (*See* Reply at 14-15).

The Court has not reduced the 2.0 hours billed for reviewing the lengthy Opposition and attached exhibits and declarations or the 1.50 hours billed in anticipation of preparing for and attending the hearing, as those hours are reasonably claimed.

Accordingly, the Court awards a total of 9.65 hours for the briefing and argument on this Motion and 3 hours for the work in assembling the billing entries filed in connection with the Motion. This reduction is in line with (or even more generous than) other district courts considering fee motions in lemon law cases that are clearly based on templates from other cases. *See, e.g.*, *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1207 (C.D. Cal. 2022) (concluding that no more than 9 hours was reasonable for time spent on fee motion where motion and supporting declarations were based on templates); *Lange v. Ford Motor Co.*, No. CV 21-05376-FWS, 2023 WL 3149274, at *5 (C.D. Cal. Mar. 17, 2023) (same).

The below chart details each billing entry that the Court has either eliminated or reduced from Plaintiff's Breakdown of Billed Hours. The first 10 entries are entries the Court has entirely excluded, whereas entries 11-30 have been reduced by varying percentages. To the extent Defendant objected to fees not detailed in the below chart, the Court overrules the objection as unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-4679-MWF (JEMx)**                    **Date:  July 10, 2023**

**Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al**

## THE COURT'S REDUCTION CHART

| Billing Entry | Hours Claimed by Plaintiff | Court's Reduction | Hours to be Deducted from Total |
|---|---|---|---|
| 1.   Drafted the Retainer Agreement. | 0.30 | Overhead, not billable | 0.30 |
| 2.   Checked the status of filing of the Complaint, the CCCS, the CCCS Addendum, the Summons, and the Statement of Damage, saw the case assignment, made corresponding notes in the system. Instructed the package to be served. | 0.30 | Clerical, not billable | 0.30 |
| 3.   Uploaded the Notice of Case Management Conference ("CMC") to the folder, made corresponding notes in the system, calendared the hearing, and deadlines for CMC Notice and Case Management Statement. | 0.20 | Clerical, not billable | 0.20 |
| 4.   Drafted 16-pages long 84 requests for admission. Elaborated requests related to each defect and complaint alleged by Plaintiff, as well as requests regarding the recalls, technical service bulletins, the nonconformities, laws violated by Defendant, and other related questions. All 16 pages have been edited to make sure everything is code-compliant and accurate in technical terms. | 1.20 | Unreasonable time on unserved discovery | 1.20 |
| 5.   Drafted 14-pages long 61 requests for production of documents. Requested documents for inspection related to each defect, nonconformity, and complaint alleged by Plaintiff, as well as documents in connection with the sale of the Vehicle, recalls, bulletins, and other related documents. All 14 pages have been edited to make sure everything is code-compliant and accurate in technical terms. | 0.90 | Unreasonable time on unserved discovery | 0.90 |
| 6.   Drafted Form Interrogatories - General, Set One. Filled in the form with the case-specific information, reviewed the form and checked the applicable boxes. | 0.20 | Unreasonable time on unserved discovery | 0.20 |
| 7.   Drafted the proof of service for the first set of the discovery requests. Made technical corrections to the whole document. | 0.20 | Unreasonable time on unserved discovery | 0.20 |
| 8.   Drafted 18 pages-long Notice of Taking Deposition of Person(s) Most Knowledgeable at Defendant, and Requests for Production of Documents, including the 11 qualifications of the person(s) requested to appear at the deposition, and the proof of service. Added the exhibit related to the documents to be presented at the deposition. Edited at least 5 pages out of 18 to make sure everything is code- compliant and accurate in technical terms. | 0.30 | Unreasonable time on unserved discovery | 0.30 |
| 9.   Drafted 26-pages long 174 specially prepared interrogatories. Elaborated interrogatories related to each defect and complaint alleged by Plaintiff, as well as interrogatories regarding the recalls, technical service bulletins, and other related questions. All 26 pages have been edited to comply with the case facts and technically. | 2.30 | Unreasonable time on unserved discovery | 2.30 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-4679-MWF (JEMx)                    **Date:** July 10, 2023

**Title:** Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

| | | | | |
|---|---|---|---|---|
| 10. | Created a folder in the platform where all the cases are stored. Named the documents for easy access. Created the case itemization, which included Plaintiff's personal information, the information on the Vehicle (year make model and VIN), the date of the acquisition of the Vehicle, the financial terms of the contract. Made estimated calculations including the estimated refund. Also, itemized the details of each visit to a repair facility by stating the date of the visit, the mileage at the time of the visit, Plaintiff's concerns, and a detailed description of the work performed on the Vehicle, results of each repair, and conclusions. Summarized the defects found at that time. Made initial assessment of possible settlement calculations, as well as initially assessed the advantages and disadvantages, the strengths [sic] and weaknesses. | 1.20 | Block billing; reduce by 30% | 0.36 |
| 11. | Assessed the case for further actions. Reviewed all the findings and documents Plaintiff has provided to date, including, but not limited to, the examination of the repair orders. | 1.50 | Duplicative and excessive; reduce by 30% | 0.45 |
| 12. | Finalized the Demand Letter by having a quick review of it, signed it, and then sent via Certified U.S. Mail with USPS Tracking Number to Defendant. | 0.30 | Block billing (and mostly time spent on clerical, non-billable tasks); reduce by 70% | 0.21 |
| 13. | Conducted the inspection of the Vehicle with the Retained Expert. | 4.50 | Excessive amount of attorney time on duplicative inspection; reduce by 50% | 2.25 |
| 14. | Reviewed Notice of Removal of Action, Declaration in Support (9- pages long) received from Defendant. Uploaded Removal Documents Received from Defendant to the Case Folder, Notated in the Case File. Evaluated to see whether it qualifies for a remand. | 1.00 | Block billed; reduce by 30% | 0.30 |
| 15. | Reviewed Notices of Assignment, to Counsel re Consent to proceed before a US Magistrate Judge, and to Parties of Court-Direct ADR Program. Uploaded the filed documents to the Case Folder, Notated in the Case File. | 0.50 | Block billed (and mostly time spent on clerical, non-billable tasks); reduce by 70% | 0.35 |
| 16. | Reviewed Defendant's Answer to the Complaint (27-pages long with 45 affirmative defense), evaluated its strength and weaknesses along with those of the case. Went through each affirmative defense and made corresponding notes. Uploaded the case to the folder, and notated in the system. | 1.70 | Block billed; reduce by 30% | 0.51 |
| 17. | Read Order Setting Scheduling Conference. Uploaded the filed document to the Case Folder, Notated in the Case File, and calendared the respective hearing. | 0.60 | Block billed (and mostly time spent on clerical, non-billable tasks); reduce by 70% | 0.42 |
| 18. | Reviewed Joint Rule 26(f) report and served on Defendant to get its approval for filing. | 0.80 | Duplicative and excessive; reduce by 30% | 0.24 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-4679-MWF (JEMx)**                        **Date:  July 10, 2023**

Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

| | | | |
|---|---|---|---|
| 19. | Reviewed, finalized, and filed Joint Rule 26(f) report. | 0.50 | Duplicative and excessive; reduce by 30% | 0.15 |
| 20. | Read Order Re Jury Trial. Uploaded the filed document to the Case Folder, Notated in the Case File and calendared respective hearings and deadlines. | 1.20 | Block billing (and mostly time spent on clerical, non-billable tasks); reduce by 70% | 0.84 |
| 21. | Communicated with the team the specifics of the case and steps to be taken at different stages of litigation. | 2.00 | Vague and excessive; reduce by 30% | 0.60 |
| 22. | Communication with the Opposing Counsel through the whole process of litigation and arbitration. | 1.50 | Vague and excessive; reduce by 30% | 0.45 |
| 23. | Drafted a detailed breakdown of hours expended by Hovanes Margarian and his assistant. Went through each file and folder on the case. Checked everything in the system and incorporated everything into this breakdown. | 3.50 | Excessive; reduce by 50% | 1.75 |
| 24. | Continued drafting the detailed breakdown of hours expended by Hovanes Margarian and his assistant. Went through each file and folder on the case. Checked everything in the system and incorporated everything into this breakdown. | 3.00 | Excessive; reduce by 50% | 1.50 |
| 25. | Reviewed the detailed breakdown of hours expended by Hovanes Margarian and his assistant. Added the recently expended time on settlement notice and efforts to compromise on attorney's fees. | .50 | Excessive; reduce by 50% | 0.25 |
| 26. | Drafted Memorandum of Points and Authorities in support of Plaintiff's Notice of Motion and Motion for Attorney's Fees, Costs and Expenses. | 2.50 | Excessive given use of template; reduce by 50% | 1.25 |
| 27. | Drafted Plaintiff's Notice of Motion and Motion for Attorney's Fees, Costs and Expenses; Declaration of Hovanes Margarian in Support; and Bill of Costs. | 2.60 | Excessive given use of template; reduce by 50% | 1.30 |
| 28. | Reviewed, filed, and served Plaintiff's Notice of Motion and Motion for Attorney's Fees, Costs and Expenses; Memorandum of Points and Authorities; Declaration of Hovanes Margarian in Support; the Breakdown of the Expended Hours; and Bill of Costs. | .90 | Excessive; reduce by 50% | .45 |
| 29. | Per Hovanes Margarian's previous experience the estimated time to draft Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees, Costs, and Expenses, | 4.5 | Excessive given primary use of template; reduce by 30% | 1.35 |

Total Reduction = **20.88 hours**

Total Reasonable Hours Expended (71.5 – 20.88) = **50.62**

Total percentage cut ≈ **29%**

Accordingly, the Court concludes that 50.32 of the 71.50 claimed hours were reasonably expended.  *Accord Odadjian*, 2022 WL 17254343, at *3 (concluding 50.7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

of the 71.2 hours claimed in highly analogous case litigated by same plaintiff's counsel
were reasonably expended).  Given the Court has concluded that Mr. Margarian's
reasonable hourly rate is $515, the lodestar figure therefore comes to **$26,069.30**.

### B.    **Lodestar Multiplier**

The Court may adjust a lodestar figure upwards or downwards based on a
number of factors, including: "(1) the novelty and difficulty of the questions involved,
(2) the skill displayed in presenting them, (3) the extent to which the nature of the
litigation precluded other employment by the attorneys, (4) the contingent nature of the
fee award." *Ketchum*, 24 Cal. 4th at 1132.

Plaintiff requests a 1.5 multiplier to the lodestar amount, primarily because
counsel took this case on a contingency basis.  (Motion at 20-21).  The Court notes that
under California law, although contingency risk is one factor a court should consider in
deciding whether to enhance a lodestar fee, the Court is not ***required*** to apply a
multiplier simply because a case is taken on a contingency basis.  *See Ketchum*, 24 Cal.
4th at 1138.  And under Ninth Circuit precedent, multipliers are disfavored, as the
Ninth Circuit has plainly stated that the lodestar amount is "presumptively the
reasonable fee amount," and that a modification of the lodestar is appropriate only in
"rare" and "exceptional" cases supported by both "specific evidence on the record and
detailed findings . . . that the lodestar amount is unreasonably low or unreasonably
high." *Zargarian*, 442 F. Supp. 3d at 1230 (citing *Van Gerwen v. Guarantee Mut. Life
Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000)).

Here, the Court is not persuaded that the fee should be enhanced due to the
contingency risk (or any other factor).  Plaintiff's main argument essentially boils
down to a contention that the Court should pay Plaintiff an inflated fee to compensate
him for cases in which his clients are not deemed the prevailing party.  (*See* Motion at
21) ("[T]he risk factor in lemon law and dealer fraud cases is huge for Plaintiff's
Counsel and the average recovery of attorney's fees $0 per hour for 1/3 of his cases,
about $100 per hour for the other 1/3 of his cases, and a 1.5 multiplier on cases with a
statutory settlement will allow Counsel to recover $975 per hour, and therefore an
average rate of $358 per hour across all of these cases[.]").  But, as other courts have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-4679-MWF (JEMx)                    **Date:** July 10, 2023
**Title:** Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

recognized, the fee-shifting provision in the SBA is not intended to compensate counsel for cases in which his client is not the prevailing party. *See, e.g*., *Zargarian*, 442 F. Supp. 3d at 1230 ("To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time in cases where his client does not prevail.") (citing *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992)).

Further, it is not clear to the Court that taking this case posed much risk at all for counsel. Given Plaintiff's counsel's extensive experience with these routine lemon law cases, he should be able to tell early on (before filing a complaint), whether a plaintiff's case has merit. And given the statutory nature of the fees, the fee is not truly contingent because it does not hinge in any way on the monetary value of Plaintiff's recovery. So long as Plaintiff was the prevailing party, counsel was guaranteed recovery of fees for the reasonable hours worked. *See Peraza v. Ford Motor Co*., Case No. 20-8898-AB (AGRx), 2022 WL 3098062, at *1 (C.D. Cal. May 27, 2022) ("[A] fee enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party.") (citation omitted); *Pacheco*, 2022 WL 845108, at *6 ("Song-Beverly litigation is not true contingent litigation . . . [because] the attorney's fee is tethered to the fees actually and reasonably incurred, with not regard whatsoever for the total amount recovered by the buyer."); *Arias v. Ford Motor Co*., Case No. ED CV 18-1928-PSG (SPx), 2020 WL 1940843, at *5 (C.D. Cal. Jan. 27, 2020) (concluding no multiplier warranted where "Plaintiff's counsel regularly undertakes this type of work" and thus did not "reasonably face[ ] an uncertainty of prevailing on the merits").

Moreover, Plaintiff does not appear to have been prevented from taking other work due to his representation of Plaintiff in this action, as reflected by the fact that counsel declares that he has over 200 cases such as this currently pending. (*See* Margarian Mot. Decl. ¶ 19); *see also Zargarian*, 442 F. Supp. 3d at 1230 (noting that counsel was not prevented from taking other work because of the representation was a reason to deny multiplier).

The litigation here also did not involve extraordinary skill or work on highly complex or novel legal issues. Rather, this case settled without any substantive motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-4679-MWF (JEMx)                    Date:  July 10, 2023
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

practice or discovery.  Indeed, the billing entries reflect that counsel did no more than 2.10 of legal research total on this action.  (*See generally,* Margarian Mot. Decl., Ex. A (Breakdown of Billed Hours).  As another court in this district stated in an analogous case, this action "was a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from the lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product."  *See Rahman,* 594 F. Supp. 3d at 1207.

Accordingly, the Court declines to apply a multiplier to the lodestar figure.

The Court also notes that at the hearing, Defendant's counsel suggested that the Court should apply a negative multiplier.  When the Court asked counsel whether such a negative multiplier should be imposed as a form of a sanction for the clearly unreasonable fees requested in this action, Defendant's counsel responded that she was not seeking a sanction.  However, Defendant fails to point the Court to any authority where a negative multiplier was applied, and therefore the Court is left without a framework to apply, even if it was inclined to further reduce the fees based on the outlandish nature of the initial request.

### C.    Costs

The Court notes that, in passing, the parties make arguments concerning costs in their briefing on the Motion.  However, because Plaintiff filed an Application to Tax Costs with the Clerk (*see* Docket No. 17), the Court declines to reach the issue of costs unless and/or until the Clerk refers the matter to this Court.

## IV.    CONCLUSION

The Motion is **GRANTED *in part*.**  Plaintiff is awarded **$26,069.30** in reasonable attorneys' fees to be paid by Defendant within 14 days of the filing of this Order.  Also, within 14 days of the filing of this Order, Plaintiff shall file a notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 22-4679-MWF (JEMx)**                          **Date:**  **July 10, 2023**
Title:  Gevorg Matevosyan v. Mercedes-Benz USA, LLC et al

voluntary dismissal or joint request for entry of judgment pursuant to the terms of the parties' settlement.

IT IS SO ORDERED.